Argued February 13, reversed and remanded February 26, 1918.

## ANGUS *v.* HOLBROOKE.

### (170 Pac. 1179.)

**Mortgages—Absolute Deed.**

1. Giving a deed to secure a debt, and receiving an agreement to reconvey on payment of the debt, make the transaction a mortgage, although the giving of a deed in satisfaction of a debt, and at the same time receiving an agreement to convey, would not constitute a mortgage.

**Mortgages—Injury to Premises—Action—Tender.**

2. Where plaintiffs deeded land to secure a debt, and defendant agreed to reconvey the land in the condition in which received, it was not necessary to make a tender before suit for damages, where defendant had committed waste and refused to restore it when demanded under the terms of the contract.

   [As to duties and liabilities of mortgagee in possession, see note in 4 Am. St. Rep. 69.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

The substance of the complaint in this action to recover damages for breach of contract is that, prior to January 18, 1915, plaintiff was the owner and in possession of certain real property in Hood River County. On the date mentioned the defendant Helen B. Holbrooke was the assignee of two mortgages which were liens upon the property in question to secure an aggregate indebtedness of about $9,000.  In order to avoid the expense of a legal foreclosure and to further secure the creditor, the plaintiff conveyed the premises to defendant Helen B. Holbrooke and received from defendant a written agreement to the effect that they would preserve the interests of plaintiff in the property and reconvey the same to him or his assigns on or before January 19, 1916, on payment to them of the sum of $9,489.62, with interest and taxes; and that this contract contained the following covenant:

"And we further agree that in case of purchase by said Angus under the terms of this option the premises will be delivered to him or his assignee in the same condition the same are now in, excepting fire, acts of God or other unavoidable casualties over which we have no control.   * * It is further understood that no timber shall be cut upon the premises herein mentioned during the term of this option."

It is then alleged that under the provisions of the contract plaintiff delivered possession of the premises on March 1, 1915, and that thereafter defendants disregarded the terms of the agreement, committing willful waste, tearing down and removing buildings, altering the dwelling-house, digging up and removing water-pipes, cutting timber, etc.  It is then alleged that in the month of October, 1915, plaintiff found a purchaser ready, able and willing to buy the property,

and entered into a contract to secure possession thereof and to deliver the same to the purchaser in first-class condition; that the prospective buyer inspected the premises, discovered the acts of waste and declined to complete the purchase unless the premises were restored to their former condition; that plaintiff made demand upon defendants to restore the premises to the condition in which they were when the conveyance was made to them, which they refused to do; that plaintiff thereby lost his opportunity to sell and was unable to find another purchaser; and that the time of redemption has expired. Plaintiff alleges damages in the sum of $4,000. Defendants demurred to the complaint and, the demurrer being sustained, plaintiff elected to stand upon his pleading and a judgment was rendered for defendants from which this appeal is taken.                    REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Littlefield & Maguire,* with an oral argument by *Mr. Robert Maguire.*

For respondents there was a brief over the name of *Messrs. Stearns & Derby,* with an oral argument by *Mr. A. J. Derby.*

MR. JUSTICE BENSON delivered the opinion of the court.

1. The attack upon the sufficiency of the complaint is based upon the fact that the complaint contains no tender or offer of performance on the part of plaintiff and no allegation of election to purchase under the option pleaded. Plaintiff urges that the conveyance of January 18, 1915, and the option to repurchase when construed together, as they should be, constitute a

87 Or.—35

mortgage, while defendants insist that the deed and the option are two entirely independent contracts and that the present action is based exclusively on the latter. The test of a contract whereby a mortgage is to be distinguished from a deed not only absolute in form, but also in effect, appears to be that if the conveyance is intended by the parties to be as security for a debt, the instrument is in equity a mortgage: 1 Jones on Mortgages (6 ed.), Section 264. Of course we do not wish to be understood as saying that if a deed is taken in *satisfaction* of a debt, and a written agreement to reconvey is given at the same time, that the two writings would constitute a mortgage, for they would not. The complaint in the present case expressly declares that the deed to Helen B. Holbrooke was executed to secure a debt and that the instrument, which was executed at the same time, agreed to protect plaintiff's interest in the property. These allegations recite facts which make the transaction a mortgage.

2. The contention of defendants as to the absence of a plea of offer to perform as a prerequisite to his right of action herein, is fully answered in the able opinion of Mr. Justice MOORE, in *Eldriedge* v. *Hoefer*, 52 Or. 241, 256 (93 Pac. 246, 94 Pac. 563, 96 Pac. 1105), wherein it is said that:

"The rules of law do not impose upon a party to a suit or action the performance of vain things, as a condition precedent to the enforcement of a right; and when the plaintiff averred that he notified the defendants of the alleged offer for the land, and that he would pay them the sum which he admitted to be due, if they would permit him to redeem the premises from their lien, and they refused to comply therewith, the complaint stated facts sufficient to entitle the plaintiff to the equitable relief which he sought, without al-

leging a tender or an offer to pay the sum conceded by him to be due to the defendants.''

In the instant case the complaint alleges waste and a demand upon defendants that they restore the property to the condition in which it was when received by them, preparatory to delivery under the terms of their contract, which they refused to do. This, we think, constituted a waiver of an offer to perform.

We conclude that the complaint states a cause of action and the judgment will be reversed and the case is remanded with direction to overrule the demurrer.

REVERSED AND REMANDED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.