Argued June 4; affirmed October 6, 1931

BROWN *v.* JONES ET AL.

(3 P. (2d) 768)

*John Irwin,* of Klamath Falls (Oneill & Irwin, of Klamath Falls, on the brief), for appellant.

*Edward F. Treadwell,* of San Francisco, California (Treadwell, Van Fleet & Laughlin and Cushing & Cushing, all of San Francisco, California, J. H. Carnahan, of Klamath Falls, on the brief), for respondents.

ROSSMAN, J. The first assignment of error presents the question whether the issue created by the general denial of the allegations of the complaint which averred that the plaintiff owned the hay in question, that it was upon the premises described in the complaint, that the defendants wrongfully flooded that land, and thereby injured the hay, authorized the court to receive evidence offered by the defendants which showed that the water which flooded the plaintiff's

land and ruined the bottom of his haystacks was due to the fact that the California-Oregon Power company, by virtue of its contract with the Federal Reclamation Service, had constructed a dam across Link river and had thereby raised the elevation of the water in Upper Klamath lake to such an extent that it overflowed the lowlands of the plaintiff upon which these stacks of hay stood and thus caused the injury of which the plaintiff complains. The evidence submitted by the plaintiff tended to show that a canal constructed by the defendants intercepted and received the waters of several streams, thus diverting their flow towards the ranch of the defendants and emptying the water at a place which caused it to gravitate towards the land of the plaintiff. The defendants' witnesses controverted this testimony and testified that when the water was emptied from the mouth of the canal it flowed away from the ranch of the plaintiff. They accounted for the flooding of the plaintiff's land by showing that the aforementioned power company, under its contract with the Federal Reclamation Service, had the right to elevate the waters of Upper Klamath lake to 4,143.3 feet above sea level, and testified that when the water approached that level it inundated the portion of the plaintiff's premises upon which he had constructed his haystacks.

The answer did not mention the contract between the power company and the reclamation service, nor did it allege the conduct of the power company thereunder. The plaintiff contends that the defense submitted by the above testimony was a plea of confession and avoidance, that it therefore constituted new matter, and that since it was not mentioned in the answer the evidence was inadmissible. We do not agree with this view. A pleading by way of confession and avoid-

ance does not traverse the facts stated in the declaration but avoids their legal effect by showing that the plaintiff either never had a right of action or that his right has become barred by some supervenient fact; it admits prima facie that the plaintiff has a right of action against the defendant: Phillips Code Pleading, sections 69-71. The challenged evidence conceded no right of action in the plaintiff. It confessed no wrong on the part of the defendant. To the contrary, it merely reinforced the defendants' denial that they had flooded the plaintiff's land by showing that inundation was inevitable whenever the power company raised the level of the lake to the point of 4,143.3, as it had the right to do under its lease with the reclamation service (plaintiff's landlord). Plaintiff's lease subjected his land below the 4,143.3-foot level to any flooding authorized by the reclamation service. "'New matter,' as used in paragraph 2, section 73, Or. L., means matter extrinsic to the matter set up in the complaint as the basis to the cause of action'': *Hubbard v. Olsen-Roe Transfer Co.*, 110 Or. 618 (224 P. 636). From Bancroft's Code Pleading, section 265, we quote: ''New matter involves of necessity a new issue, or the introduction of a new ingredient as the basis of one. New matter constituting a defense admits the facts alleged as the grounds of relief, but avoids them, either expressly or impliedly, by introducing a new subject of controversy operating as a defense. That is not new matter the purpose of which is to show that the alleged cause of action never did exist, and that material allegations of the complaint are not true.'' From Pomeroy's Code Remedies (5th Ed.), section 548, we quote: ''Any facts which tend to disprove some one of these allegations may be given in evidence under the denial; any fact which does not thus directly tend

to disprove some one or more of these allegations can not be given in evidence under the denial. * * * A plea by way of confession and avoidance admitted that the cause of action alleged did once exist, and averred subsequent facts which operated to discharge or satisfy it. The new matter of the codes admits that all the material allegations of the complaint or petition are true, and consists of facts not alleged therein which destroy the right of action, and defeat a recovery." In *Multnomah County v. Willamette Towing Co.,* 49 Or. 204 (89 P. 389), this court held that in an ordinary action for negligence the defendant may show under a general denial that the acts alleged to. have caused the damage were done by other persons for whose negligence it was not liable. We are convinced that the challenged testimony was admissible under the general denial.

Next, the plaintiff challenges an instruction which stated that, if the jury concluded that the injury to the hay was caused partially by the acts of the defendants and partially by the action of the power company, the defendants would be liable only for the part of the damages which they had caused. The bill of exceptions does not note an exception to this portion of the court's instructions. The transcript of the trial discloses that, at the conclusion of the court's instructions, counsel for the defense addressed the court thus: "If your honor please, we desire the parties take their exceptions if any to the charge in the presence of the jury, so that there will be no question about our rights being protected." The transcript records that the plaintiff's counsel replied: "We have not any exceptions to the instructions as given." In endeavoring to sustain his contention that he possesses the right

to attack the aforementioned instruction, the plaintiff calls to our attention the fact that the instructions were in writing, as authorized by section 2-301, subd. 6, Oregon Code 1930, and that section 2-704 provides: "No exception need be taken or allowed to any decision upon a matter of law when the same is entered in the journal or made wholly upon matters in writing and on file in the court." The court's instructions, however, did not constitute a decision upon matters "in writing and on file," like a decision upon a motion or a demurrer, but consisted of narrative delineating the issues awaiting the jury's decision and the principles of law applicable thereto. The general rule requires a party to except to an instruction which he intends to challenge in the appellate court whether the charge is oral or in writing: 3 C. J., Appeal and Error, p. 919, § 818. But even if it could be said that the instructions constituted a decision upon a matter in writing and that hence the plaintiff was not required to signify an exception, we believe that he waived his right to challenge the instruction in this court when his counsel declared, "We have not any exceptions to the instructions as given." He thereby assured both the trial judge and the opposing counsel, when an opportunity was still available to make needed alterations and corrections, that the instructions were satisfactory to him. If counsel for the plaintiff was aware of any imperfection in the instructions his words above quoted invited error, and such error can never be assigned as a basis for reversal.

■■ It is next contended that the circuit court erred when it overruled the plaintiff's motion for a new trial predicated upon the grounds (1) that the court erred when it received the evidence previously men-

tioned concerning the action of the power company in raising the level of the waters of Upper Klamath lake, and (2) that it again erred when it gave to the jury the instruction already mentioned, together with three others, to which he likewise saved no exceptions. It is well settled, however, that the action of the circuit court in overruling a motion for a new trial affords no basis for an assignment of error unless the motion is predicated upon some ground which required the circuit court to exercise its judicial discretion. In all other instances the defeated party must assign as error upon appeal the original ruling itself: *State v. Evans*, 98 Or. 214 (192 P. 1062, 193 P. 927); *White v. Geinger*, 70 Or. 81 (139 P. 572); *Macartney v. Shipherd*, 60 Or. 133 (117 P. 814 Ann. Cas. 1913D, 1257); *Colgan v. Farmers & Mechanics Bank*, 59 Or. 469 (106 P. 1134, 114 P. 460, 117 P. 807).

It is also contended that since the defendants did not offer in evidence documentary proof of the contract between the power company and the Federal Reclamation Service, the Best Evidence Rule was violated when the parol proof was received. The only objection made by the plaintiff during the course of the trial which suggested the Best Evidence Rule was interposed when the defendant W. K. Brown, after having completed his answer to a question, undertook to add "the contract allowed the power company." At that point plaintiff's counsel interrupted the witness with the objection, "We object to that, as the contract is the best evidence." Thereupon defendants' counsel propounded to the witness a question concerning the feasibility of cutting hay on the inundated land, and the witness made no further mention of the contract. Before this incident occurred other witnesses,

without any objection whatever based upon the Best Evidence Rule, had testified that the contract between the power company and the reclamation service permitted the former to raise the level of the lake to the height of 4,143.3 feet above sea level. In fact, plaintiff's counsel in cross-examining one J. C. Boyle, an official of the power company, directed to him the following question: "And that is the height of the water which you were allowed to be raised under your contract with the United States?" to which the witness replied: "Not raised. That is the height to which the company, under natural conditions, that we are allowed to hold it or maintain it at that height." Likewise, plaintiff's counsel upon cross-examination of the defendant W. K. Brown interrogated him thus: "Q. Now, you are speaking of the contract between the reclamation service and the California-Oregon Power company with reference to having a right, under the terms of that contract, to raise the waters up to what level above?" "A. Yes, I think that was the contract with the United States government." "Q. Yes, with the United States government." "A. 4,143.3 above sea level." No inquiry had been propounded to either of these witnesses upon direct examination concerning the contract. Without any objection whatever based upon the Best Evidence Rule, C. W. Levisee, an engineer in the employ of the defendants, had described the dam built in the Link river and its effect in raising the level of the water to the point where it covered the lands of the plaintiff. He and others, in addition to those mentioned above, testified that the contract aforementioned permitted the power company to raise the level of the waters to 4,143.3 feet above sea level. In order to prove the terms of the contract between

the reclamation service and the power company it was not necessary that the writing itself should be produced in the absence of an objection based upon the Best Evidence Rule. One who interposes that objection in effect insists that his opponent should establish his case by evidence of a more convincing character than he is offering; but when the inferior evidence alone is offered a failure to object constitutes a waiver of the right to have the documentary proof produced. We believe that this assignment of error is without merit.

The above disposes of all of the assignments. We find no error. The judgment of the circuit court will be affirmed.

BEAN, C. J., RAND and KELLY, JJ., concur.