Argued March 10, affirmed March 16, 1955

# HUGHES *v.* FLIER ET UX.

280 P. 2d 992

*Francis F. Yunker* argued the cause for appellants. On the brief were Yunker, Fewless & Hannam, of Portland.

*Guy F. Hughes,* of Portland, argued the cause and filed a brief for respondent and cross-appellant.

Before Tooze, A.C.J., and Rossman, Latourette and Perry, Justices.

TOOZE, A.C.J.

This is an action of ejectment brought by Mary E. Hughes, as plaintiff, against Leo G. Flier and Donna S. Flier, husband and wife, as defendants. The case was tried to the court without the intervention of a jury. Findings of fact, conclusions of law, and judgment were entered in favor of plaintiff. Defendants appeal and plaintiff cross-appeals.

This action involves the title to, and the right to possession of, the following described real property:

"Lot 14, Block 2, Amended Plat of Colson's subdivision, as shown by the plat thereof on file in the office of the County Clerk of the County of Multnomah and State of Oregon."

On December 18, 1951, plaintiff acquired title to the land in dispute by virtue of a warranty deed executed and delivered to her by one Emily Williams, the then record title owner of the property. On the trial satisfactory evidence was introduced to trace title in fee simple in said land to said Emily Williams, she having acquired her title thereto by virtue of a warranty deed executed and delivered to her on March 19, 1951, by Margaret Colson, a widow, and Lloyd W. Giddings and Margaret L. Giddings, husband and wife, grantors.

On March 19, 1951, Emily Williams, as vendor, entered into a written contract with defendants Leo G. Flier and Donna S. Flier, husband and wife, as vendees, for the sale and purchase of said land for the agreed price of $375, payable at the rate of $25 per month, with interest at the rate of 10 per cent per annum. The

sale was made subject to the 1949-1950 and 1950-1951 taxes, which vendees assumed and agreed to pay. Defendants failed to pay any taxes, but they did make five of the monthly instalment payments of $25 each. On December 15, 1951, there was a balance unpaid on said contract in the sum of $233.21 and taxes in the total sum of $52.96.

Prior to December 15, 1951, plaintiff had advanced for the benefit of defendants the sum of $431.11. Most of this money was paid by plaintiff to make good certain bad checks issued by defendant Leo G. Flier and to secure the release of said defendant from jail.

On December 15, 1951, and in liquidation of the debt then owing by defendants to plaintiff, the defendants executed and delivered to plaintiff their written assignment of all their right, title and interest in and to the said contract of sale, and in and to the real property therein described. This assignment was duly acknowledged by defendants and was attached to the original contract of sale. Plaintiff paid the balance due on the contract, together with the unpaid taxes, and received her warranty deed to the property as above stated. Defendants remained in possession of the property upon a rental basis, but wholly failed to pay any rent. This action was commenced for the purpose of restoring possession to plaintiff.

The complaint is in the usual form for an action in ejectment and complies with the statute: § 8-203, OCLA (ORS 105.010). In their amended answer defendants denied all the allegations of plaintiff's complaint and, for a further and separate answer and defense, alleged:

"That these defendants are the owners in fee simple of the real property described in the plaintiff's complaint."

Section 8-204, OCLA (ORS 105.015), as respects an answer in an action of ejectment, provides:

"The defendant shall not be allowed to give in evidence any estate in himself, or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer. If so pleaded, the nature and duration of such estate, or license or right to the possession, shall be set forth with the certainty and particularity required in a complaint. * * *."

The record is wholly devoid of any evidence to establish legal title to said real property in defendants. However, on the trial, defendants asserted a claim that the assignment of the contract by them to plaintiff and the warranty deed received by plaintiff, though absolute in form, were to be merely as security for the payment of the debt owing by defendants to plaintiff; in other words, that the deed was in fact an equitable mortgage. Defendants urge the same contention on this appeal.

It is well established in this state that a deed, absolute upon its face, may be shown by parol evidence to be intended as a mortgage to secure the payment of money. *Colahan v. Smyth,* 159 Or 569, 573, 81 P2d 112; *Grover v. Hawthorne Estate,* 62 Or 77, 114 P 472, 121 P 808; *Kramer v. Wilson,* 49 Or 333, 340, 90 P 183. The intention of the parties at the time an agreement is consummated to execute a deed determines whether title to property was to be irrevocably transferred, or the conveyance, though absolute, was to operate as security for the payment of a debt or the performance of an obligation. *Harmon v. Grants Pass Banking & Trust Co.,* 60 Or 69, 118 P 188. To establish this, the proof must be clear, consistent, and convincing that such was the intention of the parties. *Hall v. O'Connell,* 52 Or 164, 170, 95 P 717, 96 P 1070.

■ However, jurisdiction to determine that a deed absolute in form is in truth an equitable mortgage rests in equity. It cannot be determined at law. Ejectment is an action at law, not a suit in equity. The doctrine that under certain situations wherein instruments which are not effective as mortgages at law will be regarded as such in equity, is referable to the maxim that "equity considers that as done which ought to be done", and only a court of chancery can apply the rule. 36 Am Jur 696, Mortgages, § 13.

■ If, in an action in ejectment, the defendants deem themselves entitled to relief arising out of facts requiring the interposition of a court of equity, and material to their defense, they must plead the equitable matter in their answer pursuant to the provisions of § 9-102, OCLA (ORS 16.460), and thereupon the equitable matter is heard and determined in equity. *Zeuske v. Zeuske,* 55 Or 65, 103 P 648, 105 P 249. Also see *Colahan v. Smyth,* supra.

8, 9. Moreover, even though the equitable defense defendants contended for on the trial could be urged in the action at law, nevertheless, defendants' pleading is wholly insufficient to raise the issue. No attempt whatever is made to comply with the mandatory provisions of § 8-204, OCLA (ORS 105.015), supra. In 28 CJS 948, Ejectment, § 79g, the rule is stated:

> "* * * Thus it is generally held that where an equitable title is not pleaded evidence showing such a title is not admissible, and that unless expressly pleaded defendant cannot show that a deed in plaintiff's chain of title absolute in form was intended as a mortgage * * *."

See also *Locklear v. Bullard,* 133 NC 260, 45 SE 580; *Folks v. Chesser et al.,* 106 Fla 836, 145 So 602.

■ Furthermore, the evidence offered by defendants in this case wholly failed to establish their claim, even had it been an issue. Plaintiff in her complaint demanded damages from defendants in the amount of the reasonable rental value of the premises while defendants were in possession subsequent to December 15, 1951. Plaintiff claimed the reasonable rental value to be $22.50 per month, or a total of $405 at the time of trial. The trial court refused to allow damages, and it is from this refusal that plaintiff cross-appeals.

■ The findings of fact of the trial court are entitled to all the force and effect of a verdict by a jury. It is evident that the trial court found the evidence as to the reasonable rental value of the property, to be unsatisfactory. We agree that it was unsatisfactory. There was no competent and substantial evidence as to rental value. Upon the conclusion of the evidence, plaintiff's counsel stated to the court as follows: "I tell you frankly, we are not concerned about this business of damages." By this statement it is manifest that plaintiff waived her right to damages. The trial court did not err in its refusal to award damages.

The judgment is affirmed.