Argued February 16, reversed and remanded March 21, 1956

KLINE, Executrix et al *v.* ELKINS et al

294 P. 2d 1118

*W. C. Winslow,* Salem, argued the cause for appellants. With him on the brief were Asa L. Lewelling, Salem, and Lee Crawford, Salem.

*Orval N. Thompson* argued the cause for respondents. On the brief were Weatherford & Thompson, Albany.

Before Tooze, Acting Chief Justice, and Lusk, Brand and Perry, Justices.

PER CURIAM.

This is an action in trespass brought by plaintiffs Faye Kline, as executrix of the estate of Clara A. Lemmon, deceased, and Phyllis Wetteland, Owen Lemmon, and Faye Kline, as the heirs of Clara A. Lemmon, deceased, seeking damages against the defendants for the wrongful cutting and removing of growing timber from plaintiffs' real property.

The defendants Lawrence Imlah, Jr., and Annette Imlah appear, each in their representative capacity, as executor and executrix of the estate of Lawrence Imlah, deceased, Lawrence Imlah having purchased the trees in dispute from the defendants A. F. Elkins, Melvin M. Elkins, and Harold Elkins.

The record discloses that the lands of Clara A. Lemmon (now deceased) and the lands of the defendants, Elkins, have a common boundary line which is described as the West line of the Harrison Linnville Donation Land Claim in Township 9 South, Range 4, West of the Willamette Meridian, in Polk County, Oregon.

The plaintiffs caused a survey to be made for the purpose of establishing the common boundary, and the defendants did likewise. The surveys are not in accord, the plaintiffs' survey placing the line to the west of that of the defendants'.

The matter was tried to the trial court without a jury, and the court determined that neither survey established was the true line, but that the true line lay equidistant between the lines established by plaintiffs' survey and defendants Elkins' survey, and as-

sessed damages against the defendants for all timber removed from the east side of the boundary line so established.

From the judgment rendered by the trial court the defendants have appealed.

■ Since this action is brought by the owners of the freehold estate to recover treble damages to the freehold under § 8-406, OCLA, now ORS 105.810, it is, therefore, elementary that to establish the damage it was necessary to prove the ownership of the land from which the growing timber was severed. In order to establish the ownership of the land from which the trees were removed, it was necessary to establish the true boundary line between the lands of the parties.

■ The record is devoid of evidence to establish a boundary line equidistant between the two surveys; therefore, there is no evidence of the ownership of the land from which the trees were removed, an element very necessary to support the plaintiffs' cause of action.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.