Argued April 17, affirmed June 5, 1957

# DENHAM ET UX *v.* CUDDEBACK
### 311 P. 2d 1014

*James P. Harrang,* Eugene, argued the cause for appellants. With him on the brief were H. V. Johnson and Harold V. Johnson, Jr., Eugene.

*F. Gordon Cottrell,* Eugene, argued the cause for respondent. On the brief were John L. Barber, Jr., John W. Pennington and William J. Robert, Eugene.

Before PERRY, Chief Justice, LUSK, BRAND and WARNER, Justices.

## WARNER, J.

This is an action in trespass by the plaintiffs-appellants, Bert Denham and wife, against the defendant-respondent, Sol A. Cuddeback, to recover treble damages for cutting and removing timber from land alleged to be owned by plaintiffs. The jury found for defendant and from the judgment in favor of defendant, plaintiffs appeal.

The parties are the owners of adjacent tracts of land in Lane County. The defendant is purchasing his parcel under a sales contract from Geneva S. Seavey. Plaintiffs' west boundary is defendant's east boundary. The land trespassed upon, according to plaintiffs, and from which timber was removed by the defendant, consists of an area of about one to two acres laying along and within what plaintiffs claim to be their western boundary.

Plaintiffs' complaint consists of two allegations: (1) that they are the owners of a particularly-described parcel of land, and (2) that the defendant cut and removed more than 65 M board feet of timber there-

from to their damage. The defendant, Cuddeback, answered by a general denial, only. Under this traverse, the defendant offered evidence of the defendant's ownership by adverse possession of the small timbered area in controversy.

The admission of this evidence under the circumstances is made the basis for plaintiffs' first assignment of error.

Plaintiffs contend that such evidence of ownership in the defendant amounts to an affirmative defense and, if available to defendant, must be so pleaded. ORS 16.290 (2) reads:

> "(2) The answer of the defendant shall contain:
>
> "(a) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; however, nothing can be proved under a general denial that could not be proved under a specific denial of the same allegation or allegations.
>
> "(b) A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

The rule which permits defendant to controvert plaintiffs' allegation of ownership by the introduction of evidence under defendant's general denial showing title in defendant, although not universally applied, is an ancient one and long and firmly established in many jurisdictions. The fundamental reason being that both the act of trespass and the claim of title in plaintiffs are put in issue under a general denial and therefore any title in the defendant, whether freehold or possessory, is admissible in evidence. *Reynolds v. Baker,* DC 20 Fed Cases, Case No. 11,727, at p 619, 4 Cranch. CC 104; *Van Doozer v Dayton,* 45 Mich 247, 7 NW 814; *Proprietors of Monumoi v. Rogers,* 1 Mass

159; *Murray v. Webster,* 5 NH 391, 392; *Babcock v. Lamb,* 1 Cow. 238, 239 (NY); *Altemose v. Hufsmith,* 45 Pa 121, 128; *Lacey v. Morris,* 215 Ala 302, 110 S 379, 380; *Floyd v. Ricks,* 14 Ark 286, 293, 58 Am Decs 374. Also see 87 CJS 1036, Trespass § 85; 52 Am Jur 86, Trespass § 67. Some states have special statutory provisions for pleading answers in trespass and ejectment. Oregon has no statute of that character, but does have statutory direction for the contents of an answer in ejectment (ORS 105.015).

In *Hill v. Bailey,* 8 Mo App Reps 85, the appellant plaintiffs' claim of title to certain lands was denied on the ground that the defendants had acquired an absolute title by operation of the statute of limitations. The appeal was on the ground that the evidence of defendant's title had been wrongly admitted under his general denial. Although the Hill case, supra, was not an action in trespass, the holding of the court is of pertinent interest here. The court in denying plaintiffs' contention, said, at page 87:

"The plaintiffs insist that the finding and judgment were erroneous, because the answer did not set up the statute in defence. When the statute is relied on as a bar to the remedy merely, it must be specially pleaded. The rule is ancient, and needs no citation of authorities to sustain it. But where the title to real estate is in question, the operation of the statute is found to have a higher range. It is capable of conferring an absolute title. Hence it has long been held that a general denial of the plaintiff's title will suffice for the admission of evidence of adverse possession for the statutory period; because this will not merely bar the remedy, but may establish a title in the defendant which will conclusively negative any ownership in the plaintiff. In other words, it sustains and verifies the denial of the plaintiff's title. *Nelson v. Broad-*

*hack,* 44 Mo. 596. The rule is not confined to actions of ejectment. The reasoning upon which it is founded sanctions its application to any case wherein the title to land is in dispute. There was, therefore, no error in admitting this defence under the general denial."

The Missouri holding has twice been cited with approval in this court, once in *Stephenson v. Van Blokland,* 60 Or 247, 255, 118 P 1026, and later in *Quinn v. Willamette Pulp & Paper Co.,* 62 Or 549, 554, 126 P 1.

Neither of the parties have brought to our attention any trespass cases wherein this court has passed upon the precise question presented by appellants' first assignment of error, nor has our own inquiry discovered any cases of that character.

■ We are, however, persuaded that our many pronouncements defining the function of a general denial in answer to the allegations of a complaint, and what may or may not be offered in evidence thereunder, justify our holding that in an action for trespass, the defendant can prove under his general denial, title in himself, no matter how acquired, whether by deed, inheritance or adverse possession.

■ The defendant "has a right to give evidence under his denial controverting any fact necessary to be established by the plaintiff to authorize a recovery: Bliss, Code P. (2 ed.) §§ 330, 337; Pomeroy, Code Rem. (4 ed.) § 664; * * *." *Duff v. Willamette Steel Works,* 45 Or 479, 483, 78 P 363. An allegation of title to or right to possession of the close is an element which plaintiff must necessarily establish if he would successfully recover. 52 Am Jur 885, Trespass § 66; 87 CJS 1020, Trespass § 74. We recently said, in commenting on another action of trespass for cutting timber, "* * * it is, therefore, elementary that to

establish the damage it was necessary to prove the ownership of the land from which the growing timber was severed." *Kline v. Elkins* (1956), 207 Or 179, 181, 294 P2d 1118. Plaintiffs' allegation of ownership, then, was not only a material, but an essential, allegation. By proving that title to the land was in a person other than the plaintiff, in this instance, in the defendant, it is obvious that defendant has successfully controverted plaintiffs' allegation of ownership in themselves.

The test frequently employed to determine what evidence is admissible under a general denial is: Does the evidence tendered tend *to destroy* rather than *avoid* the cause of action as alleged by the complaint? In *Hubbard v. Olsen-Roe Transfer Co.*, 110 Or 618, 224 P 636, at page 639, we quoted from 21 RCL 566 with approval, as follows:

> " 'The well-established rule is that the general denial puts in issue every fact included within the allegations of the petition which the plaintiff is bound to prove in order to recover, and so, any fact which goes to *destroy, not to avoid,* the plaintiff's cause of action, is provable under the general denial.' 21 R. C. L. 566." (Emphasis ours.)

Also note quotations of the same tenor from the following texts as made in *Hubbard v. Olsen-Roe Transfer Co.,* supra: Pomeroy's Code Remedies (4th ed), §§ 536, 566 and 567; 2 Abbott's Trial Evidence (3d ed), p 1556; Bliss, Code Pleading (3d ed), §§ 323-330, 352-363.

> " 'The office of the general denial, like that of the old traverses, is twofold: it forces the plaintiff to prove all the material allegations of fact contained in his complaint or petition, and constituting his cause of action, by sufficient evidence, at least, to make out a *prima facie* case; it also per-

mits the defendant to offer any and all legal evidence which controverts those averments and contradicts the plaintiff's proofs. * * *

" 'It follows that this evidence may be sometimes negative and sometimes affirmative. * * * In other words, in order that evidence may be proved under a denial, it need not be in its own nature negative: affirmative evidence may often be used to contradict an allegation of the complaint, and may therefore be proved to maintain the negative issue raised by the defendant's denials.' Pomeroy's Code Remedies, §§ 542, 547."

Also see the following: *Multnomah County v. Willamette Towing Co.,* 49 Or 204, 218, 89 P 389; *Horn v. Davis,* 70 Or 498, 507, 142 P 544; *Wisdom v. Arnold,* 90 Or 601, 603, 177 P 958; *Sylvis v. Hays,* 138 Or 418, 423, 6 P 1098; 41 Am Jur 394, 396, 537, Pleading §§ 148, 149, 360; 1 Bancroft's Code Pleading, 962, § 678.

Under the foregoing authorities, we hold that evidence of the defendant's title or right to possession was in this action admissible under defendant's general denial, having as it did the force and effect, if believed by the jury, of controverting or destroying plaintiffs' allegation of title.

The case of *Hewitt v. Thomas,* 210 Or 273, 310 P2d 313, is not to the contrary, for that was an action in ejectment, in which the statute requires the defendant to plead his estate, license or right of possession (ORS 105.015).

■ Appellants' second assignment of error is somewhat as an alternative to the first and says, in essence, that if defendant was entitled to prove adverse possession under a general denial, then the lower court erred in failing to stay the action at law until it had, under ORS 16.460 (2), first sat in equity and

disposed of defendant's claim to title by adverse possession.

As the assignment appears in the brief, it reads as if it is predicated upon some ruling of the court to which the appellants had taken a proper exception. There is none, nor do appellants so claim. If the assignment is to be treated as a demurrer to the jurisdiction as appellants argument seems to suggest, then we find it without merit because of our holding upon the first assignment of error and by reason of the further fact that the answer is only a general denial. Since it asks for no equitable relief, the instant cause is an action at law. *Hall v. Pettibone,* 182 Or 334, 338, 187 P2d 166. Under the circumstances, this case is not within the reach of ORS 16.460 (2).

Appellants' third and last allegation of error is predicated upon the assertion that the court was wrong in denying plaintiffs' motion for a new trial.

The grounds for a new trial as stated in the motion were five in number and read as follows:

"1. Irregularity in the proceedings of the Court by which the Plaintiffs were prevented from having a fair trial;

"2. Surprise which ordinary prudence could not have guarded against;

"3. Insufficiency of the evidence to justify the verdict;

"4. That the verdict is against the law;

"5. Error in law occuring [sic] at the trial and excepted to by the Plaintiffs."

Attached was an affidavit of one of plaintiffs in attempted compliance with ORS 17.620.

This motion furnishes the springboard for appellants' separate claims and separate arguments respecting "irregularity in the proceedings"; "surprise";

"insufficiency of the evidence" that defendant owned by adverse possession; and that "the verdict is against the law" for various reasons set out and a renewal of matter raised under the first assignment that evidence of adverse possession is inadmissible. as a defense under a general denial in an action for trespass.

Appellants quite evidently mistake the proper function and reach of a motion for new trial and ignore the limitations cast upon its use.

One of our frequently-cited statements on this subject is found in *Colgan v. Farmers' & Mechanics' Bank,* 59 Or 469, 106 P 1134, 114 P 460, 117 P 807, where Mr. Justice MOORE says, at page 476:

> "In the trial of an action a party has an opportunity to object to anything occurring within his knowledge that may be regarded as prejudicial, and he can, upon calling the court's attention to the matter, secure a ruling which, if adverse and excepted to, may be reviewed on appeal. A party having a suitable occasion to object and except to anything considered detrimental to his interests must take advantage of the harmful act or conduct when it occurs, if he has knowledge thereof, for he will not be permitted to speculate on a favorable verdict and, if disappointed, then seek to question the proceedings by a motion for a new trial."

Also see *Parmentier v. Ransom,* 179 Or 17, 23, 169 P2d 883; *Savage v. Palmer,* 204 Or 257, 274, 280 P2d 982; *Brown v. Jones,* 137 Or 520, 526, 3 P2d 768; *Godvig v. Lopez,* 185 Or 301, 320, 202 P2d 935.

██ In essence and as indicated by the foregoing cases, a motion for new trial is primarily addressed to those matters arising out of circumstances which come to the moving party's knowledge for the first time after judgment and which he had no opportunity to bring to the court's attention during the trial. *Schafer v.*

*Fraser,* 206 Or 446, 490, 290 P2d 190, 294 P2d 609; *State v. Evans,* 98 Or 214, 239, 192 P 1062, 193 P 927; *State v. Hill,* 39 Or 90, 96, 65 P 518.

Here, we find no proper exceptions which will serve the purpose which the appellants hope to attain by assigning the denial of their motion for new trial as error, and hence no merit in their last assignment of error.

AFFIRMED.