Argued May 4, affirmed June 16, 1965

HEAD *v.* LAWRENCE ET UX

403 P. 2d 17

*Kenneth M. Abraham,* Hood River, argued the cause for appellant. With him on the brief were Parker & Abraham, Hood River.

*Roger L. Dick,* The Dalles, argued the cause for respondent William J. Lawrence. With him on the brief were Dick & Dick, The Dalles.

*Sam Van Vactor,* The Dalles, argued the cause for respondent June Lawrence. With him on the brief were Brown & Van Vactor, The Dalles.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

Plaintiff, a real estate broker, brought this action for a commission he alleged was due him. His complaint alleged that he was a licensed broker; that defendants had granted him an exclusive right to sell property owned by defendants; that defendants had sold during the period of the exclusive listing and that he was entitled to a commission. Defendants answered by general denials. The action was tried to the court without a jury. Defendants presented evidence which convinced the trial court that the deed relied on by plaintiff as evidence of a sale was, in fact, a mortgage. The court, having found that there was no sale, entered judgment for defendants. Plaintiff appeals.

This abridged summary of the facts eliminates recital of some incidental and related transactions which are unimportant to our decision.

Plaintiff attacks the judgment by claiming that the court erred in admitting evidence that the deed was given as a mortgage when that defense had not been affirmatively plead. If it were not for a statement found in *Hughes v. Flier et ux,* 1955, 203 Or 612, 280 P2d 992, the questions presented here would be readily answered by reference to *Denham et ux v. Cuddeback,* 1957, 210 Or 485, 491, 311 P2d 1014. The *Denham* case held that any evidence is admissible under a general

denial that would tend to controvert or destroy the cause of action. Therefore, evidence which would establish that this had not been a sale, as plaintiff alleged, would be admissible. However, in *Hughes v. Flier*, supra, at 617, there appears this statement:

> "However, jurisdiction to determine that a deed absolute in form is in truth an equitable mortgage rests in equity. It cannot be determined at law. Ejectment is an action at law, not a suit in equity. The doctrine that under certain situations wherein instruments which are not effective as mortgages at law will be regarded as such in equity, is referable to the maxim that 'equity considers that as done which ought to be done', and only a court of chancery can apply the rule."

The above statement in so far as it implies that a court of law could never decide that a deed is in fact a mortgage is wrong and to that extent the statement must be overruled.

██ Courts of law treat a deed as a mortgage when the question as here, is appropriately presented. *Purdy v. Underwood*, 1918, 87 Or 56, 64, 169 P 536; *Angus v. Holbrooke*, 1918, 87 Or 543, 170 P 1179; *Herrmann v. Churchill*, 1963, 235 Or 327, 330, 385 P2d 190; *Jordan v. Warner's Estate*, 1900, 107 Wisc 539, 551, 83 NW 946; Osborne, Mortgages, 1951, § 73, page 180. The evidence was properly received in this case.

█ Other assignments were submitted but they are considered to be without merit and will not be discussed. The evidence supported the trial court's findings and we will not review it. *Leonard v. King*, 1929, 128 Or 216, 274 P 116.

Affirmed.