Argued October 12, affirmed December 5, 1978

# WITT et ux, *Appellants,*
## *v.*
# REAVIS et ux, *Respondents.*
## (No. 76-5500, SC 25522)
### 587 P2d 1005

Ronald L. Gould, Coos Bay, argued the cause for appellants, With him on the briefs were Orrin R. Ormsbee, and McNutt, Gant & Ormsbee, Coos Bay.

Stanton F. Long, Eugene, argued the cause for respondents. With him on the brief were Joyce Holmes Benjamin, and Johnson, Harrang & Mercer, Eugene.

Before Denecke, Chief Justice, and Tongue, Bryson, and Linde, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiffs Robert and Edna Witt brought this suit to establish an easement by prescription over an existing road on the property of defendants Gerald and Donna Reavis. Plaintiffs also sought to enjoin defendants from interfering with plaintiffs' use of the road and requiring defendants to keep the road in good repair. The trial court entered a decree in favor of defendants and made the following findings:

"1. An easement by prescription for the benefit of [plaintiffs' land] was created over [defendants' land] prior to 1966.

"2. That easement was extinguished by the unity of title which arose when the Sauers acquired both the tax lots in 1966.

"3. Severance of the estate did not occur until January 1, 1969, thus not permitting sufficient time for a new prescriptive easement to have been created.

"4. It is unnecessary for the Court to determine the scope, location and width of the easement that was extinguished by merger.

"* * * * *"

Plaintiffs appeal and we review de novo.

Plaintiffs contend "[t]he Trial Court Erred in Finding That The Easement by Prescription was Extinguished by Unity of Title and Did Not Revive Upon Severance." Plaintiffs (Witt) and defendants (Reavis) own adjoining real property near Florence, Oregon, as shown by the following sketch (not to scale). The road on which the easement is claimed is some eight to ten feet wide.

Mr. and Mrs. John Sauer were the common grantors to plaintiffs and defendants. The Sauers acquired the plaintiffs' property in 1950 and the defendants' property in 1959.[1] The Sauers lived on the plaintiffs' parcel from 1956 to 1960. They rented plaintiffs' parcel to others from 1960 until 1969. They also rented the defendants' parcel *at all times* from 1959 to 1969.

In January, 1969, the Sauers sold the defendants' parcel to defendants. In February, 1969, the Sauers sold the plaintiffs' parcel to Browne, plaintiffs' predecessor, who in turn sold to plaintiffs in 1975.

We agree with the trial court that plaintiffs' easement, if any, was extinguished by merger. Therefore, we need not discuss the facts or the law as to whether an easement in favor of plaintiffs was established by adverse possession.

The principal issue in this case is whether plaintiffs' claimed easement by prescription was extinguished by unity of title in the Sauers.

---

[1] Pursuant to the testimony, there was a question about the validity of the deeds to the Sauers in 1956 and 1959 and, for this reason, the Sauers and their predecessors in title re-executed deeds to the property involved in favor of the Sauers in 1966. This accounts for the trial court's finding that "the Sauers acquired both the [parcels] in 1966."

The only reference to merger of easements following unity of title that we have found in Oregon is the following statement from *Dressler et al v. Isaacs et al,* 217 Or 586, 591, 343 P2d 714 (1959):

"* * * The union of the dominant and servient estates in [one person] would, of course, destroy the easement. 3 Tiffany, Real Property (3d ed), § 822, p 377. * * *"

Tiffany, at 377, states:

"An easement is ordinarily extinguished if one person acquires an estate in fee simple in possession in both the dominant and servient tenements. By reason of the perpetual right of possession of the tenement which was previously subject to the easement, such person and his heirs can make any use whatsoever thereof, and the inferior right of easement, its utility having thus disappeared, is swallowed up in the superior right of possession."

The rule in the Restatement, Property § 497 (1944), is not too clear but states:

"An easement appurtenant is extinguished by unity of ownership of estates in the dominant and servient tenements to the extent to which the uses which could have been made prior to the unity by virtue of ownership of the estate in the dominant tenement can be made after unity by virtue of ownership of the estate in the servient tenement." [2]

Where the fee owner of the dominant parcel acquires the fee subject to an estate for years in the servient parcel, the owner does *not* have a present possessory interest in the servient parcel. He has only a reversionary interest that will become possessory after termination of the estate for years. Therefore, the dominant owner's interest in the servient parcel does not give him the present right to use the easement. For the right to use the easement, he must rely on his rights as owner of the *dominant* parcel. Under

---

[2] *See also* 2 American Law of Property §§ 8.87-8.92 (Casner ed 1952); 3 Powell on Real Property ¶ 525 (1978); 2 Thompson on Real Property § 449 (1961).

these circumstances, the easement would not be extinguished by merger. *See Crocker v. Cotting,* 170 Mass 68, 48 NE 1023, 1023-024 (1898).

■ However, as in this case, if at any time the owner in fee of the dominant parcel acquires the fee in the servient parcel *not* subject to any other outstanding estate, the easement is then extinguished by merger. Merger would occur at the time the property was acquired or at the termination of the outstanding estates, if any, whenever the owner acquired the unrestricted fee.

From the evidence in the record, the Sauers did acquire simultaneous fee interests in the two parcels in 1966, when the deeds were executed conveying the servient parcel to Sauers. Those deeds to the Sauers do not provide for any outstanding estates. In light of these unrestricted deeds, the plaintiffs had the burden of producing evidence to show that the Sauers acquired the servient parcel subject to an existing estate for years. There is no evidence that they did; therefore, we conclude that the easement was extinguished by merger in 1966.

The effect of merger is usually held to be a complete destruction of the easement,[3] but some states, notably Pennsylvania,[4] have held that sometimes the easement is only suspended. Tiffany states both rules as follows:

> "The rule is said to be that an easement is not merely suspended by the union of title, reviving when the tenements again become the subject of separate ownership, but any subsequent easement must arise from a new grant and is a new easement. It has been held, however, that an easement which would ordinarily be extinguished by the merger of the dominant and servient estates is said to be preserved or revived in cases where such is required by the estate and where, in the interest

---

[3] *See, e.g.,* Restatement, Property § 497, Comment *h* (1944).

[4] *Schwoyer v. Smith,* 388 Pa 637, 131 A2d 385 (1957); *Kieffer v. Imhoff,* 26 Pa 438 (1856).

of honest owners, it should be preserved to effect a valid and legitimate purpose. The exception obtains, it is said, only where there is a strong equity and circumstances giving ground for the clear inference that the parties intended to preserve or revive the easement." 3 Tiffany, Law of Real Property 381, § 822 (1939). (Footnotes omitted.)

Plaintiffs would have us follow the Pennsylvania rule. However, it appears that the minority Pennsylvania rule has simply grafted the rules of implied easements onto those for extinguishment by merger.

We see nothing to be gained by adopting the Pennsylvania rule and, instead, follow the Restatement rule that an easement once extinguished is gone forever. Indeed, this is the rule established in the opinion by Justice O'Connell in *Dressler et al v. Isaacs et al,* supra. Where merger is established, this rule will enable the parties to focus on the separate issue of whether a new easement was thereafter created by implication and will, we hope, avoid confusion as to the precise issues involved in such cases.

■ Plaintiffs argue that they are entitled to an easement by implication; however, their theory in their pleadings and at trial was that an easement had been created through adverse possession. They cannot argue this new theory on appeal.[5] *Leiser v. Sparkman,* 281 Or 119, 122, 573 P2d 1247 (1978); *Woods v. Hart,* 254 Or 434, 438, 458 P2d 945 (1969).

■ Plaintiffs also argue that defendants should not have been allowed to use the merger theory at trial because they failed to affirmatively allege it in their answer. However, plaintiffs were informed before trial that defendants would rely on a merger theory. Plaintiffs did not claim surprise and did not move for a continuance. Further, plaintiffs failed to object to defendants' evidence introduced on the merger issue at

[5]Plaintiffs made reference to this theory during closing argument but not as part of their case-in-chief. Defendants were not put on notice of such a theory and they had no opportunity to rebut it.

trial. Therefore, even if defendants had failed to plead properly, the error was not preserved for appeal.

■ The merger theory destroyed rather than avoided plaintiffs' claim and so could be proved under a general denial. This result is supported (by analogy) by *Marsh v. Walters,* 242 Or 210, 408 P2d 929 (1965), and *Denham et ux v. Cuddeback,* 210 Or 485, 311 P2d 1014 (1957). These cases stand for the proposition that a defendant in a trespass case may, under a general denial, introduce any evidence that refutes title in plaintiff. In *Denham,* although it appeared that plaintiff had once owned the land in question, the defendant proved that he had acquired the land by adverse possession. We held that such proof was proper under defendant's general denial. 210 Or at 489.

Assuming, in the case before us, that plaintiffs' predecessors once had an easement, they lost it through merger.

■ Plaintiffs finally argued that it would be inequitable to deny them the use of the easement. They quote the following from *South Beach Lumber Corp. v. Swank,* 210 Or 383, 392-93, 311 P2d 1018 (1957):

> " '* * * Mergers are not favored in equity. When a lesser and a higher estate meet and coincide in the same person they will be kept separate when equity and justice require it, unless there is an expressed intention to the contrary. * * *' " (citing *Katz v. Obenchain,* 48 Or 352, 85 P 617 (1909).)

This quotation, however, is taken out of context. That rule applies to the case where a mortgagee of land later acquires the fee; the mortgage interest normally merges in the higher fee interest but not where such a merger would harm the mortgagee. We are not aware of any case, and none has been cited to us, that holds that a merger like the one in the case at bar is "not favored in equity."

The trouble with this final argument, and any argument based solely on general feelings of fairness,

is that it affords no principled basis for decision. The common law has established the principle of merger and the principle of implied easements. To set aside the result in this case would confuse the rule of law for such cases in the future.

Affirmed.