Argued February 13, reversed and remanded April 15, 1959

# BARNES *v.* WINKLER

337 P. 2d 816

*J. P. Stirling,* Portland, argued the cause and filed a brief for appellant.

*John Gordon Gearin,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and Albert H. Ferris, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, LUSK, and WARNER, Justices.

## LUSK, J.

This is an action to recover damages for personal injury sustained by plaintiff as a result of being struck by an automobile driven by the defendant. The court granted a directed verdict for the defendant and plaintiff has appealed.

The accident occurred at about 5:15 p. m. of a December evening, after dark and in a drizzling rain, as plaintiff, a pedestrian, was crossing Columbia Boulevard in the city of Portland. Plaintiff was a watchman employed by the Pinkerton Detective Agency, whose duties required him to go hourly through the buildings of the plant of Nicolai Door Manufacturing Company, which were located on both sides of Columbia Boulevard. Plaintiff, in the discharge of his duties, was crossing from the North to the South side of the street when he was struck and injured.

The paved portion of the street was 22 feet in

width, with gravel shoulders on either side seven to seven and one-half feet in width. There were no curbs or sidewalks. Plaintiff testified that he looked both ways before starting to cross the street, and waited while two West-bound cars passed and then while two East-bound cars passed. "That left the coast clear." He could see about 100 yards in either direction. He walked across, looking to his right and left as he proceeded, and when he had reached the gravel shoulder on the South side and was half-way over it he saw the defendant's car coming from the West at a distance of 15 to 20 feet. He testified, "I sprang with all my strength directly ahead," but he was unable to avoid a collision, and his right leg was caught by the end of the bumper of the car and he was thrown to the ground. He was within three feet of stepping off the gravel when he was struck. According to the plaintiff's testimony, lights from the building on the South side of the street illuminated the scene.

The defendant testified:

"As I was nearing Nicolai Door Company on Columbia Boulevard, I was driving east. Right at the time I was just about to the door company, I noticed a car come by. After it passed, the next thing I noticed was something coming right at my windshield, just instantaneously almost. Naturally, the first thing I thought was swerve and stop, so I swerved my car. I believe I ran over the yellow line in the center of the street and I stopped immediately. From where I stopped, then I drove my car over to the side of the road and run back and picked the old gentleman up."

The defendant further testified that the impact occurred about a foot from the edge of the pavement, that his car did not get off the pavement at any time, and that if he had not swerved he believed that he

would have hit the plaintiff "right between the headlights."

■ It was lawful for the plaintiff to cross Columbia Boulevard at the point where he did. There being no marked or unmarked crosswalk at that point, the defendant had the right of way, but neither the defendant nor the plaintiff was relieved from the duty to exercise due care. ORS 483.210 (4), (5).

In its essential facts, this case is not to be distinguished from *Martin v. Harrison*, 182 Or 121, 180 P2d 119, 186 P2d 534. There, we held that the questions of negligence of the motorist and contributory negligence of the pedestrian were for the jury.

■ The evidence warranted a finding that the defendant was not keeping a proper lookout. The defendand had a lawful right to drive on the shoulder of the highway. But it might properly be inferred that it was not the customary or to-be-expected place for an automobile to be driven, and the evidence that the plaintiff was not struck until he had cleared the pavement on the South side of the street and was upon the gravel shoulder was relevant upon the questions both of the defendant's negligence and plaintiff's contributory negligence. Compare *Oja v. LeBlanc*, 185 Or 333, 341, 203 P2d 267.

■ With respect to contributory negligence, the defendant contends that the case is governed by *Olds v. Hines*, 95 Or 580, 187 P 586, 188 P 716, a railroad crossing case, in which we applied the presumption that one having the ordinary sense of sight must have seen that which was within the range of vision if he gave attention and looked. The defendant argues that, since the plaintiff testified that he was able to see a distance of 100 yards in either direction, it must be concluded that either he saw the defendant's auto-

mobile or that he did not look. The same argument, with citations to cases similar to *Olds v. Hines* involving railroad crossing accidents, was made by the defendants in *Martin v. Harrison,* supra, and *Hecker v. Union Cab Co.,* 134 Or 385, 293 P 726. But the court was not persuaded that the rule should be applied to a case where a pedestrian is struck by an automobile on a city street. In the Hecker case it was said, 134 Or at 390:

> "Defendant, as we understand, seeks to apply the rule pertaining to railroad crossing cases. The management of railroad trains at highway crossings is necessarily governed by a different rule than that applicable to cases where pedestrians are struck by an automobile at street intersections."

In our opinion, the evidence was such that the case should have been submitted to the jury, and the court erred in directing a verdict for the defendant.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion.