Argued December 2, affirmed December 23, 1959

# YATES *v.* STADING
### 347 P. 2d 839

*George P. Winslow,* Tillamook, argued the cause for appellant. On the briefs were Winslow & Winslow.

*D. E. Kaufman,* Tillamook, argued the cause for respondent. On the brief were McMinimee & Kaufman.

Before McAllister, Chief Justice, and Rossman, Perry and Redding, Justices.

PERRY, J.

This is an action for damages for personal injuries. The jury. returned a verdict for the plaintiff and the defendant has appealed.

The accident from which plaintiff suffered injuries occurred on U. S. Highway 101 in front of a. tavern known as Juno Inn, which is located approximately two miles north of Tillamook, Oregon. The highway at this point runs generally north and south, has but

two lanes of travel, is approximately 22 feet in width, divided by a center line, and there was at the time of the accident an area on each side of the highway where customers of the inn were accustomed to and were permitted to park their automobiles. The inn was located approximately 50 feet to the west of the west edge of the traveled portion of the highway, and customers parking cars on the east side were required to cross the highway to enter the inn.

On the night of May 19, 1956, at approximately 10 o'clock p.m. the plaintiff, who had previously parked his automobile on the east side of the highway and entered the inn, walked out of the inn and started across the highway. The night was dark and the macadam pavement dry. The defendant, accompanied by some friends, was driving an automobile along the highway in a northerly direction, and at a point about due east of the front door of the inn his automobile struck the plaintiff while in defendant's west lane of travel, causing the injuries of which plaintiff complains.

The defendant assigns as error the trial court's refusal to grant his motion for a directed verdict and his motion for a judgment non obstante veredicto, on the grounds, first, that there was no substantial evidence of defendant's negligence which could have been the proximate cause of the occurrence, and, second, that plaintiff was guilty of contributory negligence as a matter of law.

■ In considering this motion of the defendant's, it is the well-established rule of law in this jurisdiction that the courts must view the evidence and the reasonable inferences to be drawn therefrom in a light most favorable to the party obtaining the verdict.

We will first consider defendant's contention that

plaintiff was guilty of contributory negligence as a matter of law.

The plaintiff's evidence discloses that along the highway from Tillamook to the place of the accident there are located several houses, motels and places of business, but the area can be classified neither as a residential or business area as defined by statute and, therefore, the designated or recommended speed in this area is 55 miles per hour. The highway coming from Tillamook also rises approximately 27 feet to cross over a viaduct. From the southern end of the viaduct along the highway to the place of the accident it is a distance of 783 feet, according to the measurements. From the north end of the viaduct the highway continues on a slight upgrade to the crest of a hill, which is approximately 328 feet from where the highway passes the front door of Juno Inn. From the viaduct to a point about 279 feet from the place where the accident occurred the road curves to the west. The plaintiff testified that before he started across the highway he looked in both directions, that there were no cars upon the highway in his immediate vicinity, but he did notice the glow of headlights coming up the hill from the south, or the direction of Tillamook; that he then started across the highway, looked again and the car was almost upon him; he jumped to reach safety off the west side of the traveled portion of the highway, but was struck by the defendant's automobile.

There is no testimony relating to where the upward glow of the lights of an automobile coming from the direction of Tillamook were first noticed by the plaintiff, but there is evidence they would be visible to a person in plaintiff's position somewhere along

the approach to the crest of the hill, a distance of approximately 1300 feet.

■ It must be kept in mind that the plaintiff as a pedestrian was violating no law in crossing this highway in a rural area. In ORS 483.210(4) and (5) it is stated:

"(4) Every pedestrian crossing a roadway at any place other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway. Local authorities in their respective jurisdictions may by ordinance prohibit any pedestrian from crossing any street or highway at any place other than within a marked or unmarked crosswalk.

"(5) This section does not relieve the driver of a vehicle or a pedestrian from the duty to exercise due care."

This section was construed by this court in *Martin v. Harrison,* 182 Or 121, 137, 180 P2d 119, 186 P2d 534, where we stated:

"The statutory provision hereinbefore quoted governing the crossing of a roadway at a point other than at a crosswalk is not a prohibition against crossing a roadway other than at a crosswalk. Genola v. Barnett, 14 Cal. (2d) 217, 93 P. (2d) 109. It imposes upon the pedestrian the duty of yielding the right of way, but does not relieve the driver of a vehicle of the duty to exercise due care."

and we adopted the language of *White v. Davis,* 103 Cal App 531, 284 P 1086, as a guide in determining the question of whether the conduct of a pedestrian who may rightfully cross a highway other than at a marked or unmarked crosswalk is a question of law for determination of the court or one of fact to be left to a jury. On page 139, *Martin v. Harrison,* 182 Or 121, supra, we quoted from *White v. Davis,* supra, as follows:

"'* * * Where the injured party fails to look

at all or looks straight ahead without glancing to either side, or is in a position where he cannot see, or, in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.'"

See also *Barnes v. Winkler,* 216 Or 130, 337 P2d 816, and *Lynch v. Clark et al.,* 183 Or 431, 194 P2d 416.

■ Under the facts of this case, we are of the opinion, since the plaintiff looked and saw the glow of the headlights of the defendant's automobile at some distance and then started across the highway, the question of whether or not he used that degree of care which a reasonably prudent person would have used under the same circumstances in attempting to cross the highway was a question for the jury.

■ The defendant's contention that there is no substantial evidence of his negligence is without merit. Actionable negligence rests upon a duty by one person to use due care toward another and the breach of that duty which as a proximate cause results in such person's injuries. *Stout v. Madden & Williams,* 208 Or 294, 300 P2d 461.

■ For instance, under the statute the question of whether the driver of an automobile is violating the law relative to speed is to be determined by whether or not there are circumstances existing which if ignored by the driver demonstrate to reasonable minds he is violating his duties in this respect to others who are rightfully using the highway and exercising due care. ORS 483.104; *Burrows v. Nash,* 199 Or 114, 259 P2d 106; *Walker v. Penner,* 190 Or 542, 227 P2d 316.

■ There is evidence from which the jury could find as a fact that defendant was driving at a speed of approximately 80 miles per hour when this accident occurred. Such speed by statute (ORS 483.104) is prima face evidence of the violation of ORS 483.102, known as the basic rule. But even without this presumption, there is the testimony of the defendant himself to the effect that he knew of Juno Inn, and knew its patrons parked their cars on either side of the highway; that as he was approaching the inn his lights would not give him a clear view of the entire highway from any great distance to where the plaintiff was because of the curvature of the highway.

Under these circumstances and conditions it was for the jury to say whether or not defendant was operating his vehicle at a speed that was greater than proper, having due regard for others rightfully upon the highway.

There are seven specific allegations of negligence in plaintiff's amended complaint, which are as follows:

"IV

"At the time of the said accident and prior thereto defendant operated said Riviera Buick automobile in a dangerous, negligent and careless manner, to-wit:

"1. In driving said automobile upon said highway at a speed greater than was reasonable and prudent, having due regard for the traffic, surface and width of said highway and other conditions then and there existing.

"2. In driving said automobile at a speed which was greater than would permit him to exercise proper control over said vehicle and to decrease speed or to stop as was necessary to avoid colliding with plaintiff.

"3. In failing to keep and maintain a proper

lookout for pedestrians using the highway, and particularly the plaintiff.

"4. In failing to keep and maintain his automobile under proper control.

"5. In failing to apply his brakes in time to avoid hitting plaintiff.

"6. In failing to swerve or turn out and around plaintiff.

"7. In driving said automobile into and against the plaintiff."

The last three allegations, in our opinion, are no more than general allegations of negligence which are contained within the first four specific allegations of negligence and hence would probably have been stricken from the complaint had the defendant so moved, but the defendant's assignments of error as to these allegations are based upon his objection to their submission to the jury because there was no substantial evidence to support these allegations. Defendant's motion is as follows:

"If the Court please, defendant now renews motions made at the time plaintiff rested to withdraw from the consideration of the jury severally the seven charges of negligence set forth in the amended complaint, and we make this motion in respect to each of said charges for the reason that there is no substantial or satisfactory evidence to establish said charges of negligence and that the same should now be withdrawn from consideration of the jury so that we will know when we proceed to argue the case."

There is ample evidence in the record that defendant did not "apply his brakes in time to avoid hitting plaintiff," that he did not "swerve or turn out and around plaintiff," and that he did drive his "automobile into and against plaintiff." The objection as taken pertained only to the state of the evidence; it did not call the court's attention to the fact

that these allegations were but general allegations of negligence covered by the specific allegations.

■ An objection made in the trial court raises only those questions for review which fall within the scope of the objection as made, otherwise questions would be presented for review that had never been brought to the attention of the trial court. *Gilmore v. Hill,* 152 Cal App2d 881, 313 P2d 898; *Howle v. McDaniel,* 232 SC 125, 101 SE2d 255.

■ As to matters not within the scope of the objection, the situation is the same as merely objecting without giving any reason therefor, and such an exception presents no question for review. *Brosnan v. Boggs,* 101 Or 472, 198 P 890.

■ The defendant also took exception to the trial court instructing upon these allegations of negligence. An examination of his objection shows that it is based upon lack of evidence to support the allegations of negligence, and is likewise without merit. *State v. Poole,* 161 Or 481, 90 P2d 472.

■ The defendant also assigns as error the refusal of the trial court to grant his motion for a new trial. His contention that error was committed is based upon his belief that plaintiff's argument to the jury was inflammatory in nature, tending to incite the passions of the jury against the defendant. While the argument of plaintiff's counsel was in progress the defendant made no objection whatsoever.

"In this jurisdiction it is well settled that an order denying a motion for a new trial is not appealable where the grounds of the motion could have been, but were not, urged prior to judgment. *Oldland v. Oregon Coal & Nav. Co.,* 55 Or 340, 102 P 596." *Schafer et al v. Fraser et ux.,* 206 Or 446, 489, 290 P2d 190, 294 P2d 609. See also *State v. Langley,* 214 Or 445, 315

P2d 560; *Denham et ux. v. Cuddeback,* 210 Or 485, 311 P2d 1014.

The defendant also assigns as error the overruling of his objections to the testimony of certain witnesses who testified that a short time prior to the time that plaintiff was struck the automobile of the defendant was traveling at an estimated speed of 80 miles per hour.

According to defendant's objection, the defendant's automobile was then "a distance of at least a half mile from the scene of the accident." He rests his objection upon the proposition that evidence of actions and conditions remote in time and distance from the place of the accident are inadmissible. *Ramp et al. v. Osborne et al.,* 115 Or 672, 239 P 112.

This is true as a general rule, for the fact that a person's actions were such at one time and place would not, without other cogent facts, tend to show they were the same at the time and place under inquiry. However, it is also a general rule that whether evidence of the speed of an automobile just prior to an accident is or is not too remote depends upon the facts of the particular case and rests largely in the discretion of the trial court. *Hanson v. Schrick,* 160 Or 397, 85 P2d 355; *Martin v. Oregon Stages, Inc.,* 129 Or 435, 277 P 291.

From an examination of these cases just cited it would seem the inquiry as to whether or not the speed of an automobile just prior to an accident is too remote depends upon the degree of probability that the conduct continued until the accident occurred.

In the case before us, the witnesses testified that at the time defendant passed them they were driving between 70 and 75 miles per hour; that they continued to follow at this pace and the defendant was

pulling away from them as he passed over the crest of the hill, which was but 328 feet from where the accident happened.

While it is true a speeding driver can quickly reduce his speed in a very short interval of time and distance, yet where the evidence discloses that an automobile is traveling at an approximate rate of 160 feet per second and the distance yet to be traveled is but 328 feet, in our opinion, there is a sufficient degree of probability that the conduct continued until the accident occurred to permit reception of the evidence for weighing by the jury.

The defendant sets forth numerous other assignments of error. We have given each careful study and consideration, but find nothing therein of sufficient merit to warrant either discussion or a reversal of this cause.

The judgment of the trial court is affirmed.