Argued February 8, affirmed March 27, 1968

CUMMINGS, *Respondent, v.* SCHUNK,
*Appellant.*

439 P. 2d 13

*Duane Vergeer,* Portland, argued the cause for appellant. On the briefs were Vergeer, Samuels, Cavanaugh & Roehr, and Walter H. Sweek.

*Gary M. Bullock,* Portland, argued the cause for respondent. With him on the brief were Lent, York & Paulson.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

## LUSK, J.

Plaintiff, as a pedestrian, was struck by an automobile driven by the defendant. In an action to recover damages for his injuries plaintiff was awarded a verdict and judgment. Defendant has appealed and assigns error to the court's denial of his motion for a directed verdict based on the ground that plaintiff was guilty of contributory negligence as matter of law.

The accident occurred at about six p.m. on November 11, 1965, when plaintiff was crossing a four-lane highway near Hillsboro, Oregon. It was a dark and rainy evening. Plaintiff was walking in a marked pedestrian lane. Defendant came from plaintiff's left and the collision occurred when plaintiff was about eight or ten feet from the curb. Plaintiff testified he looked up and down the highway before leaving the curb, but saw nothing except some lights which were "way back." After he stepped out from the curb he remembered nothing. Plaintiff, by his own testimony, had consumed large quantities of whisky and wine during the day, but he swore that while he was "feeling halfway good," "I wasn't so high that I didn't know what I was doing."

Defendant testified he was driving between 30 and 35 miles per hour, that his lights were on and windshield wipers operating. He saw the defendant as the latter appeared from behind a telephone pole and immediately applied his brakes and swerved to the left to avoid hitting him. Plaintiff seemed to be hit from the side of the car. A rear view mirror on the side of the

door was broken; there was no damage to the front of the car. Defendant estimated he was two or three car lengths—36 to 54 feet—away when plaintiff "pulled out." His car came to a stop about a car length beyond the point of the collision. The injured man lay on the ground about six feet beyond that point and on the shoulder of the road.

The designated speed in the area was 55 miles per hour.

██ Defendant's motion for a directed verdict was based on the grounds that plaintiff failed to keep a proper lookout and that he left a place of safety to step directly into the path of the automobile in violation of the provision of ORS 483.210 (1), which reads:

"* * * but in proceeding to cross, or in crossing the roadway the pedestrian shall not leave a curb or other place of safety suddenly and move into the path of a vehicle which is so close that it is impossible for the driver to yield."

ORS 483.210 (1) gives the right of way to a pedestrian crossing a roadway within a marked or unmarked crosswalk at an intersection. The statute does not, of course, relieve the pedestrian of the duty to keep a proper lookout for automobiles. The argument that the plaintiff failed in that regard is the familiar one that a pedestrian will not be heard to say that he looked and did not see a car that was in plain sight. The difficulty about applying this truism to this case is that the plaintiff testified that he did see some lights which were "way back." This testimony created a conflict with the defendant's estimate of his distance from the crosswalk when he saw the plaintiff leave the curb. It may also have raised a question with the jury as to the speed at which defendant was driving and as to

whether the defendant violated the statutory duty to yield the right of way to a pedestrian. It is to be remembered that, as stated in *Farrow v. Ostrom,* 10 Wn 2d 666, 667, 117 P2d 963, "[t]he questions of negligence and contributory negligence are usually so intimately related that the latter cannot be determined without reference to the former." The defendant does not claim that there was no evidence of negligence on his part.

The same reasons that make the question of lookout by the plaintiff a jury question preclude a holding that the other charge of contributory negligence was established as matter of law. For, if the jury believed the plaintiff and found that he looked and saw the lights of defendant's automobile "way back" and then started to cross the road, they would have been warranted in finding that the automobile did not appear to be within striking distance at that time and, therefore, plaintiff's conduct was not in violation of the provision of ORS 483.210 (1) above quoted. And, of course, it was for the jury to determine how "high" the plaintiff was.

We have examined the three Washington cases upon which defendant seems to place particular reliance: *Silverstein v. Adams,* 134 Wash 430, 235 P 784; *Farrow v. Ostrom,* supra; and *Beireis v. Leslie,* 35 Wn 2d 554, 214 P2d 194. We agree fully with the principle which those cases announce and which was stated in *Farrow v. Ostrom,* 10 Wn 2d at 669-670 as follows:

"Of course, a pedestrian is chargeable with contributory negligence as a matter of law when, without looking, he steps from the curb into the path of an oncoming car either at an intersection or in the middle of the block. And he will not be heard to say he looked and did not see a car that was in plain sight."

The only one of the cases cited, however, in which the plaintiff was held guilty of contributory negligence as matter of law, was *Silverstein v. Adams.* There the plaintiff was hit by an automobile when he was three feet from the sidewalk. He testified that he looked in the direction from which the automobile came and did not see it. The facts of the case at bar are obviously different and the question of contributory negligence was for the jury.

The judgment is affirmed.