Argued October 12, 1972, affirmed March 23, 1973

## WELCOME, *Appellant, v.* NELSON ET AL, *Respondents.*

507 P2d 1147

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondents. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and James B. O'Hanlon, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

## DENECKE, J.

While the plaintiff was walking across a street he violently came into contact with defendants' car. In the forthcoming jury action the trial court granted defendants' motion for a directed verdict. Plaintiff appeals.

The basis for the directed verdict was that plaintiff was contributorily negligent as a matter of law in failing to keep a lookout. The occurrence was on October 18 at about 5:00 p.m., PDT, while it was still light. It was dry. Plaintiff stepped from the curb and started to cross the street; however, there was traffic, so he stepped back and waited. The traffic started to clear but a car was coming from plaintiff's left. When that car was past, plaintiff looked to his left, saw nothing, looked to his right, saw nothing, and started across and was starting to turn his head and look left again. He took four steps and traversed about 12 feet angling toward his left and then it happened. Plaintiff did not see defendants' car which came from plaintiff's left. Whether plaintiff was in an unmarked crosswalk is in issue but is irrelevant to the issue of lookout.

The jury could have found that a car was parked about 15 feet to plaintiff's left on plaintiff's side of the street. This prevented plaintiff from seeing anything immediately behind the parked car. However, plaintiff testified he could see left in the travel lane about three blocks. The street is 42 feet wide.

The defendant Gordon Nelson came onto the

street two or three blocks from the collision. The jury could have found he was traveling slightly more than 30 miles per hour, the designated speed. He was traveling next to the center line and did not change his course. He did not see the plaintiff at the time of the collision but heard a crash on the side of his car.

The defendants' car suffered a dent where the right front door meets the fender and the antenna near that spot was broken. There was no damage to the front of defendants' car. A witness who was driving in the opposite direction from defendants testified that plaintiff ran into the side of defendants' car. The plaintiff did not know what part of the car he contacted.

We regard this as a close question; however, we have come to the conclusion that the trial court was correct.

In cases involving a collision between a train and a vehicle at a railroad crossing, we have held that if the train was visible, the driver was guilty of contributory negligence as a matter of law because either he did not look or he did not see what any reasonably prudent man would have seen. *Olds v. Hines,* 95 Or 580, 187 P 586, 188 P 716 (1920) ; *McNealy v. Portland Traction Co.,* 213 Or 659, 327 P2d 410 (1958).

We have, however, expressly refused to apply this reasoning to cases in which the plaintiff was a pedestrian crossing a city street on a dark, rainy night and was hit by a motor vehicle. *Martin v. Harrison,* 182 Or 121, 180 P2d 119, 186 P2d 534 (1947) ; *Barnes v. Winkler,* 216 Or 130, 133-134, 337 P2d 816 (1959) ; *Cummings v. Schunk,* 249 Or 435, 439 P2d 13 (1968). Plaintiff relies upon these cases; however, we conclude they and others of our decisions to like effect are inapplicable. In the instant case, unlike those upon

which plaintiff relies, the jury could only find that the plaintiff walked into the side of defendants' vehicle and that it was light and plaintiff testified he could see several blocks in the traveling lane of the street, the lane where defendants were driving.[1] Upon the basis of these two factors we hold that either the plaintiff must not have looked before he stepped into defendants' car or, if he did look, he failed to see what a reasonably prudent person would have seen.

Affirmed.

McALLISTER, J., dissenting.

I dissent because I believe that our prior cases indicate that the issue of contributory negligence ought to have been submitted to the jury. We have so held in similar cases where the evidence showed that visibility was poor for pedestrians as well as motorists. In *Bracht v. Palace Laundry Co.,* 156 Or 151, 65 P2d 1039 (1937) the accident took place in a crosswalk on a dark rainy evening. Plaintiff testified that she looked before crossing, but that as she crossed she held her umbrella in a position which obscured her view of the traffic. In *Sherrard v. Werline,* 162 Or 135, 91 P2d 344 (1939) a pedestrian was injured while using an unmarked crosswalk on a dark rainy evening. Other traffic partially interfered with his view of defendant's car. The plaintiff in *Barnes v. Winkler,* 216 Or 130, 337 P2d 816 (1959) testified that he looked in both directions before crossing the street in the middle of a block. *Martin v. Harrison,* 182 Or 121, 180 P2d 119, 186

---

[1] Plaintiff was explicit in his testimony, including his marking a diagram, that the parked car to his left did not block his view of the traveling lane. He testified he stayed off the curb because the parked car did block his view from such a position but from off the curb he could see down the street.

P2d 534 (1947) was similar. In addition to poor visibility, these cases have in common the fact that there was evidence that the pedestrian took some precaution in crossing the street. In the *Martin* case the court quoted with approval the following statement from *White v. Davis,* 103 Cal App 531, 284 P 1086, 1091 (1930):

> " '* * * Where the injured party fails to look at all, or looks straight ahead without glancing to either side, or is in a position where he cannot see, or, in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury.' " 182 Or at 139.

This statement was also quoted and relied on in *Yates v. Stading,* 219 Or 464, 469-470, 347 P2d 839 (1959) in which a pedestrian was hit by a car while crossing a highway at night. He had seen the glow of defendant's headlights before crossing.

In the present case plaintiff testified that a parked car interfered with his view of defendant's lane of travel when he stood on the curb, and that before crossing the street he left the curb and twice looked around the parked car before stepping out into the traveled portion of the street. Because I believe that it was for the jury to determine whether plaintiff exercised reasonable care for his own safety under the circumstances, I would reverse.