**FIREMAN'S FUND AMERICAN INSURANCE COMPANIES, a corporation, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

Civ. No. 76–790.

United States District Court,
D. Oregon.

Dec. 4, 1979.

Frank L. Whitaker, Whitaker & Whitaker, P.C., Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Jonathan M. Hoffman, Asst. U. S. Atty., Portland, Or., for defendant.

## OPINION

SOLOMON, District Judge:

Plaintiff, Fireman's Fund American Insurance Companies, as subrogee of its insured, YBY Corporation (YBY), filed an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 *et seq.* to recover $30,994.74 for the damages incurred when its Skylok 108 yarder overturned on a Forest Service road in the Umpqua National Forest located in Oregon.

In 1972, Paul B. Hult Lumber Co. contracted to purchase from the United States Forest Service timber in the Umpqua National Forest. Roseburg Lumber Co. (Roseburg) succeeded to the rights of the purchaser.

The contract, known as the "West Copeland Sale," required Roseburg to construct three Forest Service roads in accordance with plans and specifications drafted by Forest Service engineers. Each road was to be maintained by Roseburg until it was accepted by the Forest Service upon completion of construction in substantial compliance with the plans and specifications. Road 2774 was built by Coning Corporation (Coning) under a subcontract with Roseburg. The road was completed and approved by the Forest Service in November 1974. It was formally accepted by the Forest Service on December 18, 1974.

In January 1974, YBY subcontracted with Roseburg to log the West Copeland Sale area. This contract provided that YBY would maintain the Forest Service roads used in the logging activity until they were accepted by the Forest Service.

YBY began to log in the spring or summer of 1974; it completed all logging in early December. While logging, YBY operated a Skylok yarder on Road 2774. On December 6, 1974, Harry Young, President of YBY, was driving the yarder out of the area over Road 2774 when the yarder overturned and fell into an adjacent ravine. After the accident, Mr. Young observed that approximately two-and-one-half to

three feet of the travel surface on the downhill side of the road had broken away. This part of the road was directly over a culvert installed to alleviate undue water accumulation at or near engineer station L230 + 00. The culvert was installed by Coning at the direction of the Forest Service.

YBY's yarder was damaged in the accident and in the attempt to retrieve it.

Plaintiff contends that the accident occurred because part of the travel surface of the road broke away under the weight of the yarder. The Government contends that the yarder overturned because it was driven over the edge of the road surface. The road surface at the point of the accident was twelve feet wide; the Yarder's axle and wheel width was ten feet six inches.

Plaintiff asserts that, under the Federal Tort Claims Act, the United States is liable for the damage to the yarder. Specifically, plaintiff asserts that the Forest Service (a) failed to provide a safe road for YBY's use during its logging operations; (b) constructed the road in a negligent manner; (c) failed to adequately inspect the road to discover defects and to warn YBY of those defects; and (d) impliedly represented that the road was capable of bearing a yarder weighing 120,000 to 130,000 lbs. when it knew or should have known that it would not.

■ The FTCA contains a limited waiver of sovereign immunity. Section 1346(b) provides:

"[T]he district courts . . . shall have exclusive jurisdiction of civil actions or claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law where the act or omission occurred."

The United States is liable for the negligent acts of federal employees but not for the negligent acts of independent contractors. 28 U.S.C. § 2671; *Logue v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). Here, the road was constructed by Coning under a subcontract with Roseburg. Both were independent contractors. Coning employed its own workers and used its own tools to build the road. Any claim against the United States based upon the negligence of the independent contractors or their employees in building the road is barred by section 2671.

■ Plaintiff contends that the Forest Service was negligent in failing to provide a safe road. The Forest Service designed the road, reserved the right to inspect the road, and reserved the right to accept or reject the road after completion of construction. But until the Forest Service accepted the road, its responsibility was limited to drafting the plans and specifications. 28 U.S.C. § 2680(a) bars any claim against the United States "based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion is abused." In *Dalehite v. United States*, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953), the Supreme Court stated that "[w]here there is room for policy judgment there is discretion." Other cases have held that the Federal Government's activities in designing or funding canal or road construction are based on policy decisions and are therefore protected by the discretionary function exception of section 2680(a). *United States v. Ure*, 225 F.2d 709 (9th Cir. 1955); *Mahler v. United States*, 306 F.2d 713 (3rd Cir.), *cert. denied*, 371 U.S. 923, 83 S.Ct. 290, 9 L.Ed.2d 231 (1962); *Wright v. United States*, 568 F.2d 153 (10th Cir.), *cert. denied*, 439 U.S. 824, 99 S.Ct. 94, 58 L.Ed.2d 117 (1978).

Here, J. R. Philbrick, Supervisor of the Umpqua National Forest, and Gerald R. Vossenkamper, a Forest Service engineer, both testified that the design of Forest Service roads took into account the location of slide areas, the impact of the proposed

road on wildlife and fisheries, the types of users, engineering design requirements, budgetary limitations, and legal restrictions. The design of Road 2774 was based on policy decisions and was a discretionary function protected by section 2680(a), and this court, therefore, lacks jurisdiction to decide plaintiff's assertion that the Forest Service, by its design of Road 2774, negligently failed to provide a safe road for YBY's use in logging the West Copeland Sale area. *United States v. DeCamp*, 478 F.2d 1188 (9th Cir.), *cert. denied*, 414 U.S. 924, 94 S.Ct. 232, 38 L.Ed.2d 158 (1973).

■ Plaintiff next contends that the Forest Service was negligent in failing to adequately inspect Road 2774, and to warn YBY of the dangerous condition of the road. Plaintiff asserts that the condition would have been discovered had the Forest Service made an adequate inspection. Plaintiff also contends that the Forest Service did in fact know that Road 2774 was unsafe.

These issues are to be determined by Oregon law. Section 1346(b). Plaintiff must therefore prove that Oregon law imposed a duty on the Forest Service to inspect and warn of a dangerous road condition, that the duty was breached, and that the breach was a proximate cause of plaintiff's injury. *Yates v. Stading*, 219 Or. 464, 347 P.2d 839 (1960).

■ Plaintiff contends that YBY was an invitee of the Forest Service while it was logging the West Copeland Sale area, and that the Forest Service had a duty to inspect and warn YBY of any dangerous road condition. The Government denies this contention and contends instead that YBY was the invitee of Roseburg with whom YBY contracted to perform logging.

Oregon has established the "economic benefit" test and the "invitation" test to determine if a person on the premises of another is an invitee. *Parker v. Hult Lumber & Plywood Co.*, 260 Or. 1, 488 P.2d 454 (1971). Here, YBY was an invitee while engaging in logging. But, at the time of the accident, was YBY an invitee of Roseburg or the Forest Service?

Oregon has adopted Restatement (Second) of Torts, § 343A (1965). *Dawson v. Payless For Drugs*, 248 Or. 334, 433 P.2d 1019 (1967). Section 343A imposes liability on the "possessor of land" for any physical harm to his invitees. Section 328E(a) defines a possessor of land as "a person who is in occupation of the land with intent to control it." None of the cases [1] cited by plaintiff in support of its claim that YBY was an invitee of the Forest Service are in point. None deal with the issue of a landowner's duty to a person who has come on the land under a contract with an independent contractor who was not the landowner.

The Government asserts and I find that at the time of the accident Roseburg was in possession and control of Road 2774. Under the contract Roseburg was to build and maintain the road until it was accepted by the Forest Service, and prior to acceptance, Roseburg was required to repair any damage to the road caused by its logging activities. Roseburg subcontracted these responsibilities to Coning and YBY.

Although the Forest Service reserved the right to inspect the construction, the purpose of inspection was only to insure compliance with the Forest Service's plans and specifications. Only after the Forest Service accepted the road was it obligated to resume maintenance responsibilities. Before then, Roseburg controlled the road.

The road was completed in November 1974; it was approved on November 8, 1974, and formally accepted on December 18, 1974. The accident occurred on December 6, 1974.

In my view the Forest Service did not resume control of Road 2774, for the purposes of tort liability, until after it formally accepted the road.

Even if the Forest Service had a duty to inspect, it did not breach that duty. If there was a breach, it was not the proximate cause of the accident.

1. *Welter, Admtx. v. M & M Woodworking Co.*, 216 Or. 266, 338 P.2d 651 (1959); *Dutton v.* *Donald M. Drake Co.*, 237 Or. 419, 391 P.2d 761 (1964).

The Forest Service had inspected the road and the defects in the road had been corrected. According to Harry Young, President of YBY, he had inspected the road at the point of the accident and had found that the road had been built according to specifications. In addition, Mr. Young had personally checked the road for problem areas before he moved the yarder and he had found none.

Finally, plaintiff contends that the Forest Service, by failing to impose weight limitations, impliedly represented that YBY could safely operate the yarder on Road 2774 when the Forest Service knew or should have known that this was not the case.

There is no merit in this contention.

■ The Forest Service was not required either by statute or regulation to impose weight limitations on forest roads and it did not do it.[2] Absent such a requirement it had no duty to do it. *Thompson v. United States*, 592 F.2d 1104 (9th Cir. 1979); *Kirk v. United States*, 270 F.2d 110 (9th Cir. 1959).

■ Plaintiff's contention must be rejected for another reason. Plaintiff's contention that the Forest Service, by failing to impose weight limitations, impliedly represented that YBY could safely operate the yarder on Road 2774 is a claim based on negligent misrepresentation. The Federal Tort Claims Act (28 U.S.C. § 2680(h)) bars any claim against the United States based on misrepresentation. This exception includes negligent misrepresentation as well as deceit. *Clark v. United States*, 218 F.2d 446 (9th Cir. 1954).

The defendant is therefore entitled to a judgment dismissing plaintiff's action with prejudice.

This opinion shall constitute findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

2. ORS 483.524(4), repealed by 1977 Oregon Laws ch. 409 § 20, provided a maximum weight of 76,000 pounds on state highways but this did not apply to forest roads. The weight limitation on forest roads is that specified in the contract. ORS 376.355(1)(b).