Argued October 25, affirmed December 31, 1929; rehearing denied
May 27, 1930.

## HOUCK *v.* HOUCK ET AL.

(283 P. 25, 288 P. 213)

*A. C. Hough* of Grants Pass (James T. Chinnock of Grants Pass on the brief) for appellant.

*Fred A. Williams* and *E. M. Page,* both of Salem (W. T. Miller of Grants Pass on the brief), for respondents.

RAND, J. This is the second suit brought by plaintiff to quiet title to the lands in controversy in Josephine county. In the former suit, after a trial of the cause, the lower court entered its decree in favor of plaintiff, but upon appeal this court, after a thorough consideration of the cause, rendered a decree on the merits reversing the decree of the lower court and remanding the cause with directions to dismiss the suit. (See *Houck v. Houck,* 93 Or. 281, 183 P. 3.) This case is now here on plaintiff's appeal from a decree sustaining defendant's plea of a former adjudication.

After the commencement of the first suit, Hila A. C. Houck, the mother of all of the parties to the original suit and a defendant therein, died and her executor was then substituted in her place. With that exception the parties are the same in both suits.

Plaintiff alleged as grounds for relief in the former suit that in April, 1907, he left the state of Nevada, where he was then living, at the request of his father,

David A. Houck, and his mother, Hila A. C. Houck, who were tenants in common of the lands in controversy, each owning a one-half interest therein, and went to live with his parents in their home in Josephine county, at which time his father and mother executed a deed with full covenants of warranty conveying the lands to him in consideration of his entering into a written contract with them, in and by the terms of which he agreed to live with them and cultivate and farm the lands and support and maintain them during the remainder of their lives, which contract, upon his part, he had in all respects complied with; that at the time the deed was executed his mother and father delivered to him and, after such delivery, he gave it to his mother to hold for him; that his father died intestate on May 13, 1908, leaving as his heirs at law the plaintiff and the defendants in the suit and his said widow; and that several years after the death of his father, neither the deed nor the contract having been placed of record, his mother informed him that she had destroyed the deed and contract. Upon receiving said information the former suit was commenced for the purpose of having plaintiff's title to the lands quieted, and it was held in that suit by this court that there had been no delivery made of the deed and that the contract entered into between plaintiff and his parents was unreasonable and unconscionable.

In the present suit plaintiff alleges as grounds for relief the same identical facts which were alleged in the former suit and prays for the same relief as against the same parties, but, in addition thereto, he alleges that since the decision of the former suit he has continued in the possession of the land and that since 1910, during which year another brother was in possession under a lease from his parents, plaintiff has been in

the exclusive possession of the premises, claiming to hold the same adversely to all of the defendants and under a claim of ownership upon his part, and it is contended here that plaintiff is now entitled under the title which he has acquired by adverse possession to have his title quieted as to all of the defendants, notwithstanding the adverse decision in the former suit. If plaintiff, since the rendition of the former decree, has acquired title to the premises by adverse possession for more than 10 years prior to the commencement of this suit, then, under the doctrine announced and followed in *Bessler v. Powder River Gold Dredging Co.,* 90 Or. 663, 176 P. 791, 178 P. 237, his contention must be sustained, but we think this contention can not be sustained for this reason: The whole evidence shows and it is undisputed that Robert H. Houck, one of the brothers who was and is the duly qualified and acting administrator of his father's estate and was and is the executor of the will of his mother, has at all times, and during the entire period in which plaintiff claims to have had adverse possession of the land, lived in one of the two houses on the premises in dispute and has continuously resided therein. In order to acquire title to real property by adverse possession, the possession must be actual, open and notorious and it must be hostile, exclusive and continuous during the entire period required by the statute of limitations. (*Harris v. Southeast Portland Lumber Co.,* 123 Or. 549, 262 P. 243, and authorities there cited.) The adverse possession must begin with the disseizin of the owner and the possession taken must be under color of title or claim of ownership and must continue for the full period of 10 years. (*Smith v. Algona Lumber Co.,* 73 Or. 1, 136 P. 7, 143 P. 921; *Crowley v. Grant,* 63 Or. 212, 127 P. 28; *Sommer v. Compton,* 52 Or. 173, 96 P. 124, 1065.)

The showing in the instant case is not sufficient to prove a title in fee in plaintiff in the lands in contro- versy. Like his brothers and sisters, plaintiff, as heir of his deceased father, is a tenant in common in a share of his father's one-half interest in the lands; but, since he has not been in the exclusive possession of the lands, he could acquire, by adverse possession, no title to the interests of his brothers and sisters in the lands; besides, it is very doubtful, under the evidence, whether his possession has been sufficiently hostile, even if his possession had been exclusive, to vest the title of his brothers' and sisters' share in the lands in him. Upon the other grounds relied upon we are bound by the former decree. The decree appealed from must, there- fore, be affirmed; but, under the circumstances dis- closed by this record, we think costs should not be taxed against the plaintiff. The judgment will, therefore, be affirmed without costs to either party upon this appeal.

COSHOW, C. J., McBRIDE and ROSSMAN, JJ., concur.

---

Rehearing denied May 27, 1930.

On Petition for Rehearing

(288 P. 213)

COSHOW, C. J. Plaintiff has petitioned for a rehearing complaining that the court in its former opinion inaccurately stated the facts upon which it based its conclusion. Plaintiff sets out the facts which he claims the court inaccurately stated. First, he quotes this language:

" 'In the present suit, plaintiff alleges as grounds for relief the same identical facts which were alleged in the former suit and prays for the same relief as against the same parties.' "

In the former suit plaintiff prayed for the restoration of a deed which he claimed had been executed and delivered to him and then destroyed by some of the defendants in that suit. In the instant case he relies upon the same deed and a contract which accompanied the deed but seeks to recover on a title alleged to have been completed by reason of adverse possession of the premises for more than 10 years. In both cases he relies upon the same contract between him and his parents and the performance of that contract on his part.

■ The only difference between the two cases is the form of the suits and the evidence supporting his claims. The substance of the two suits is the same. The aim of the two suits was the investment of the title to the premises in plaintiff; consequently, while strictly and technically the two suits differed in name, they do not differ either in purpose or in substance.

Plaintiff says in his petition for rehearing:

"If this court shall adhere to the observations of Mr. Justice Johns at page 298 of the opinion in the former case in the 93d Oregon, wherein he said: 'it was an unconscionable and an unreasonable agreement,' then, of course, there was no contract, * * *."

The court is bound by the decree in the former case which held that plaintiff had no contract and denied him the relief he therein sought. The former decree goes further than simply to hold there was no valid contract but wholly denies plaintiff's claim. Neither the alleged deed nor the contract would constitute a color of title in the light of the former decision: *Houck v. Houck,* 93 Or. 281 (183 P. 3).

Second, plaintiff contends that the opinion in the instant case erroneously states in effect that plaintiff

claims the title to all of the premises by adverse possession. Plaintiff claims, however, the title to only an undivided half, referring to the undivided half held by plaintiff's father who died prior to the former suit. We think the inaccuracy, if it be such, is immaterial. The writer of the opinion had in mind the claim plaintiff was making under his complaint. We do not think the fact that the opinion does not expressly say an undivided half in any way changed the result.

■ Third, plaintiff contends that this language, which appears in the former opinion, is erroneous:

"The whole evidence shows and it is undisputed that Robert H. Houck, one of the brothers who was and is the duly qualified and acting administrator of his father's estate and was and is the executor of the will of his mother, has at all times, and during the entire period in which plaintiff claims to have had adverse possession of the land, lived in one of the two houses on the premises in dispute and has continuously resided therein."

The evidence is not clear or satisfactory as to the possession of the premises after the death of the father, David A. Houck. Defendant Robert H. Houck did claim to be in possession and there was evidence to support that claim. Plaintiff admits that the defendants are cotenants with him in the possession of the premises. While it is true a tenant in common may acquire the title of his cotenants by adverse possession, the evidence to prove such adverse possession must be clear and satisfactory in all regards: *Crowley v. Grant,* 63 Or. 212 (127 P. 28); *Mitchell v. Campbell,* 19 Or. 198 (24 P. 455); *Wheeler v. Taylor,* 32 Or. 421 (52 P. 183); see, also, 13 Am. Dec. 140; 33 Am. Dec. 629, 109 Am. St. Rep. 609; Ann. Cas. 1913D 1312.

We have very carefully reexamined the entire record and do not find the evidence supporting plain-

tiff's claim to be of that clear and convincing nature that the law requires in order for one tenant in common to acquire the title of his cotenants by adverse possession. There is no evidence at all that we have been able to find which would prove that two of the defendants ever had any knowledge or even notice that plaintiff was so claiming the premises. Other defendants dispute the testimony of plaintiff and we are not satisfied that plaintiff's claim to his father's title has been established. The decision in the former case is, of course, the law of that case. Plaintiff has been in possession of the premises so as to get the use of the place, its rents and profits, and now claims as a basis for his title a contract which this court in the former case between the same parties held to be invalid.

Petition for rehearing is denied. Former opinion adhered to.