Argued and submitted May 15, 1981, affirmed March 8,
reconsideration denied April 13,
petition for review denied May 4, 1982 (293 Or 103)

ABBOTT,
*Respondent,*

*v.*

THOMPSON et ux,
*Appellants.*

(No. L80-0849, CA 18891)

641 P2d 652

Maurice L. Russell, II, Reedsport, argued the cause for appellants. With him on the brief was Stephen H. Miller, Reedsport.

Duane J. McCabe, Reedsport, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

This is a suit to enjoin defendants from interfering with plaintiffs'[1] use of a roadway which passes across defendants' property. The trial court found that plaintiff was the owner of an easement on the roadway across defendants' property and granted him an injunction preventing defendants from interfering with his use of the roadway and costs. We review *de novo,* ORS 19.125(3), and affirm.

The parties own adjacent parcels of land in Douglas County. In 1954, defendants' predecessors in interest executed an instrument granting plaintiff an easement for ingress and egress over the roadway across their property. Plaintiff used the roadway regularly until 1956; after that plaintiff used the roadway occasionally, but generally made use of another easement over the property of a landowner who is not a party to this suit. Between 1956 and 1979, very little was done to maintain the roadway. Grass and blackberries grew over the road and trees grew along it, making it difficult, but not impossible, to travel the road in a vehicle.

Since they acquired the property in 1962, defendants have allowed their cattle to graze in the field through which the roadway runs; they have locked the gate which separates the roadway from the county road during the deer hunting season each year without providing plaintiff with a key. In 1979, plaintiff indicated that he wished to use the roadway on a regular basis and brought in equipment to clear the way of brush and trees. At this time, defendants locked the gate between their property and plaintiff's and refused to open it or provide a key.

Defendants claim that the easement granted to plaintiff was intended to be a way of necessity and was, therefore, extinguished when plaintiff acquired another way of ingress and egress. They also argue that the easement, if it was not a way of necessity, was extinguished by plaintiff's abandonment or by their own adverse possession of the roadway.

---

[1] After trial, the court ruled that plaintiffs Snell and Jacobson had no interest under the easement in question. They do not appeal that ruling. Plaintiff Abbott will be referred to as plaintiff.

The instrument creating the easement at issue here reads, in pertinent part:

"KNOW ALL MEN BY THESE PRESENTS, that * * * Grantors, in consideration of the sum * * * paid by * * * Grantees, do hereby grant, bargain, sell and convey unto the said Forrest R. Abbott and Harlene P. Abbott, their heirs and assigns, an easement of ingress and egress over and upon and across the following described real property, * * * to-wit:
"* * * * *

"Said easement to follow the existing private roadway from the junction of the * * * (Smith River Road) * * *. This easement is granted for the purpose of providing an access to the North One half of the Northeast one quarter of Section sixteen (16), Township Twenty-one (21) South, Range 11 West, Willamette Meridian, Douglas County, Oregon, now owned by grantees, to exclusion of transportation of forest products unless consideration of 15 cents per thousand board feet is paid Grantors therefor.
"* * * * *

"And the Grantors above named do covenant to and with the above named grantees, their heirs and assigns, that said grantees shall have all the rights and privileges as granted in Sections 376.105 to 376.145 exclusive Oregon Revised Statutes governing ways of necessity."

Former ORS 376.105 to 376.145 governed the creation, dimensions, maintenance and vacation of ways of necessity. Defendants contend that the reference in the grant to these provisions clearly shows that the parties intended the roadway to be a way of necessity, subject to being extinguished on the opening of another way or non-user for a period of ten years or more.

■ The trial court found that the easement conveyed was not intended to be a way of necessity. We agree.

The first paragraph of the instrument grants an easement across the property of defendants for the benefit of the dominant estate; there is no indication that this easement for ingress and egress was intended to be the only access to the property. We conclude that the references to statutory provisions are most reasonably interpreted as a shorthand method of setting out the scope of the easement, which had not been done elsewhere in the grant. The use of the language "* * * grantees shall have all the *rights and*

*privileges* as granted in ORS 376.105 to 376.145 * * *"
(emphasis added), convinces us that the parties did not
intend to be bound by the statutory terms except to the
extent that they defined the grantee's rights, such as: the
right to maintain the roadway, ORS 376.130,[2] the permissi-
ble width of the roadway, ORS 376.110,[3] and the right to be
free from interference in its use, ORS 376.135 and 376.140.[4]
These provisions are the sort usually set out in the instru-
ment creating an easement. The language of the grant does
not expressly subject the grantees to the limitations of the
statutes which would limit the easement to a way of
necessity. We conclude that the easement was not intended
to be a way of necessity and was not extinguished by the
acquisition of another means of access.

■     Defendants also argue that the easement was
extinguished by plaintiff's abandonment, evidenced by non-
user for a period of ten years. In *Powers et ux v. Coos Bay
Lumber Co.*, 200 Or 329, 263 P2d 913 (1954), the Supreme
Court said:

---

[2] Former ORS 376.130 provided, in pertinent part:

"(1) Public roads or rights of way mentioned in ORS 376.110 shall be
opened and kept passable by the person applying for them.

"(2) No such road or public easement shall be altered or vacated except by
the county court in the manner provided by law.

[3] Former ORS 376.110 provided, in pertinent part:

"The board of county road viewers shall:

"* * * * *

"(2) View out, locate and mark out either a suitable public road not
exceeding 60 feet wide, or a gateway not less than 10 nor more than 30 feet
wide, or both,* * *."

[4] Former ORS 376.135 provided:

"No person, firm, or corporation shall close, fence, obstruct or attempt to
close, fence, obstruct or in any manner interfere with the free use of any
roadway which is now being and has been continuously used and traveled for
more than 10 years as a mean of ingress and egress from the farm or residence
of such person who is or has been threatened with such closure, without first
giving notice in writing of his intention to close, fence or obstruct such
roadway at least 60 days prior to such closing to the persons using the
roadway."

Former ORS 376.140 provided:

"No person shall obstruct a public road or gateway located under ORS
376.110 or refuse to allow them to be opened."

> "Non-user alone does not suffice to extinguish an ease-
> ment: [Citation omitted.] The owner of a servient estate,
> who seeks to rid the latter of an easement through a claim
> of abandonment, must prove, not only non-user, but also
> that it was the intention of the grantee of the easement to
> make no further use of it.' 200 Or at 398.

In addition to non-user, defendants would have to show, either verbal expression of an intent to abandon or conduct inconsistent with an intention to make further use. *Bernards et ux v. Link and Haynes,* 199 Or 579, 587, 248 P2d 341, 263 P2d 794 (1953).

■      We do not find any evidence in the record of an intent to abandon, except plaintiff's non-user. That alone is not sufficient to extinguish the easement. We agree with the trial court that plaintiff's easement was not extinguished by abandonment.

Defendants contend that they are now the owners of the easement in this case through adverse possession. They claim that their use of the land, coupled with the periodic locking of one of the gates during hunting season for the statutory ten-year period, constitutes an open, notorious, exclusive, continuous and adverse use of the easement. In *Whitley v. Jacobs,* 278 Or 541, 564 P2d 1057 (1977), the Supreme Court said:

> "The plaintiffs have a heavy burden to establish owner-
> ship by adverse possession. The rule is set forth in *Reeves
> v. Porta,* 173 Or 147, 149, 144 P2d 493 (1944):
>> " 'Ownership of land by adverse possession can be
>> acquired only by actual, open, notorious, hostile, contin-
>> uous and exclusive possession under a claim of right or
>> color of title. *Stephenson v. Van Blokland,* 60 Or. 247,
>> 118 P. 1026; *Thomas v. Spencer,* 66 Or. 359, 133 P. 822.
>> These elements must coincide, and the possession must
>> be continuous for the statutory period, which, in this
>> state, is ten years. 1 Am. Jur., Adverse Possession,
>> section 126; Section 1-202, O.C.L.A. Where adverse
>> possession is in issue, it is held generally that all of the
>> elements thereof must be alleged, and must be estab-
>> lished by clear and positive proof. *Laurance v. Tucker,*
>> 160 Or. 474, 85 P. (2d) 374; *Enright v. Meves,* 142 Or.
>> 88, 18 P. (2d) 216; *Houck v. Houck,* 133 Or. 78, 283 P.
>> 25, 288 P. 213; *Chapman v. Dean,* 58 Or. 475, 115 P.

154; *McNear v. Guistin,* 50 Or. 377, 92 P. 1075; *Chastang v. Chastang,* 141 Ala. 451, 37 So. 799, 109 Am. St. Rep. 45; 1 Am. Jur., Adverse Possession, sections 238, 246.'" 278 Or at 547.

An easement created by grant can be lost by adverse possession, but, in addition to the elements described above, the possession must be inconsistent with the use of the easement. *Horecny v. Raichl,* 280 Or 405, 408, 571 P2d 495 (1977). In this case the only action by defendants which was inconsistent with the use of the easement was the locking of one gate during deer hunting season. That does not satisfy the requirement that the adverse use be continuous. There was no evidence that plaintiff's intended use of the easement was limited to the deer hunting season. Although defendants have kept the gates to the roadway continuously locked since 1979, that does not satisfy the statutory requirement. We agree with the trial court's finding that defendants have not proved their extinguishment of the easement by adverse possession.

Defendants contend that the trial court erred in granting plaintiff an injunction protecting his right to use the easement. They argue that such an injunction is inequitable. They cite no authority for this position. An easement owner has the right to be free from interference with his actual and prospective use of the easement. *Tausher v. Andruss,* 240 Or 304, 308, 401 P2d 40 (1965). Where there is such interference, an injunction ensures the easement holder's prospective access to the easement.

Lastly, defendants challenge the trial court's taxing of costs and disbursements against them on the grounds that no cost bill with proof of service was filed with the court. The record shows that defendants had ample opportunity to raise this issue in the trial court, but did not. Questions not properly presented to the trial court will not be considered for the first time of appeal. *Schmidt v. Pine Tree Land Development Co.,* 291 Or 462, 465, 631 P2d 1373 (1981).

Affirmed.