Argued and submitted July 13, 1993, reversed and remanded with instructions
May 25, 1994

Matthew SLAK
and Karen Slak,
*Respondents,*

*v.*

Donald R. PORTER
and Clara Porter,
*Appellants.*

(9207-04834; CA A77302)

875 P2d 515

Stewart M. Whipple argued the cause for appellants. With him on the briefs were Charles F. Adams and Stoel Rives Boley Jones & Grey.

Lawrence J. Beck argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

This action arises out of a dispute concerning the continuing existence of an easement over defendants' land. Plaintiffs brought suit to quiet title to the easement, for a declaratory judgment, and to permanently enjoin defendants from interfering with their use of the easement. Defendants counterclaimed to quiet title and to remove cloud from their title, on the theory that the easement had been extinguished by adverse possession. The trial court declared that plaintiffs retained the easement as described in their deed, enjoined defendants from interfering with the easement, and instructed defendants to remove the obstructions they had placed on the easement. On *de novo* review, ORS 19.125(3), we reverse.

Before 1958, plaintiffs' and defendants' predecessor owned a single tract of land on the west bank of the Willamette River. In 1958, the predecessor divided the single tract into two parcels, an eastern parcel that bordered the river and a western parcel that was situated on the upland side of the eastern parcel. The predecessor sold the eastern, riverfront parcel to defendants, subject to an easement in favor of the western parcel. The easement was described in the deed as a three-foot wide path along the northern edge of the property running eastward to the river. The western parcel was sold to a series of owners, and ultimately, in 1989, to plaintiffs.

In 1959, defendants developed the eastern, riverfront property. Among the improvements was a six-foot-high fence, which begins just inside the entrance to the property, at its northwestern corner, and runs 60 feet along the northern boundary, parallel to the easement. At the northwestern corner, however, shortly after the entrance to the property, the fence angles directly across the easement and completely blocks it. Defendants constructed the fence with the deliberate intention of blocking access to the easement. The fence has been maintained continuously since its construction.

Beginning in the late 1970's, defendants planted substantial shrubbery and other vegetation in and along the easement. At least six rhododendrons were planted directly in the path, as was a 60-foot-long photinia hedge, a holly tree

and several cedars. Defendants have maintained the vegetation continuously since the time of planting.

Evidence of any attempts by owners of the western parcel to obtain access to the river since 1959 is sketchy. The first owner of the western parcel testified that, from 1959 to 1968, he and members of his family walked to the river two to three times each year. However, because the easement was blocked by the fence, he and his family walked to the north of the fence, on the neighboring owner's land, to get to the river. He assumed, incorrectly, that the fence did not block the easement, and that, when he walked to the north of the fence, he was walking on the easement.

The owner of the western parcel from 1968 to 1970 testified that he attempted to walk to the river from his property on one occasion. He said that there was no trail at the time, and that he could not recall whether he walked to the north or the south of the fence. Similarly, the owners of the western parcel from 1970 to 1973 "checked out" the easement on one occasion. There is no testimony as to the route they took to the river on that occasion.

The owner of the parcel from 1973 to 1989 testified that, at the time he purchased the property, the easement area was so heavily overgrown with shrubbery and other vegetation that he could not use it. He testified that his wife would occasionally "stand on the end of the easement," and that he and his grandchildren would occasionally go from their property to the river and back. However, he could not identify the route he took to the river, and whether it was to the north or the south of the fence and the shrubbery. He did say that he was aware that the shrubbery blocked the easement and that "it had been our intention eventually to confront [defendants] on this issue."

Plaintiffs obtained the western parcel in 1989. Plaintiff Matthew Slak testified that he used the easement five or six times. He said that he walked along the south side of the fence through some bushes and then to the south of the photinia hedge that occupied the easement.

To establish that they extinguished the three-foot easement to the river, defendants must show that their use or

occupancy of the easement was actual, open, notorious, exclusive, continuous and hostile for a 10-year period. *Abbott v. Thompson*, 56 Or App 311, 316, 641 P2d 652, *rev den* 293 Or 103 (1982); *see also Schoeller v. Kulawiak*, 118 Or App 524, 528, 848 P2d 619, *rev den* 317 Or 272 (1993).[1] In addition, defendants must show that their use or occupancy was inconsistent with plaintiffs' use of the easement. *Abbott v. Thompson, supra*, 56 Or App at 317. Each element must be established by clear and convincing evidence. *Thompson v. Scott*, 270 Or 542, 547, 528 P2d 509 (1974).

■ To establish "actual" possession, defendants must show

"occupation or use of the land that would be made by an owner of the same type of land, taking into account the uses for which the land is suitable." *Lee v. Hansen*, 282 Or 371, 376, 578 P2d 784 (1978).

Defendants contend that, by erecting a fence and planting trees, shrubs and other vegetation in the easement, they have established actual possession. Plaintiffs do not address the sufficiency of defendants' proof with respect to this element. In any event, we find that defendants' use of the easement is the type of use that would be made by the owner of the property. The element of actual possession is satisfied.

■■ To establish that their use was "open" and "notorious," defendants must show that plaintiffs had notice that defendants were asserting a claim of ownership of the easement. *Corson v. Williford*, 44 Or App 145, 149, 605 P2d 1194 (1980). Defendants argue that their construction of the fence in 1959 and their later planting of trees, shrubs and other vegetation directly in the easement put plaintiffs on notice that defendants were asserting ownership of the easement. Plaintiffs characterize defendants' use of the easement as "secretive and covert" and argue that defendants' failure to declare openly their intentions with respect to the easement is fatal to their adverse possession claim. According to plaintiffs, there was no way for them to know that the fence and the vegetation actually blocked the easement.

---

[1] Defendants contend that their rights in the easement vested, at the latest, by 1989. Therefore, the statutory requirements for adverse possession that were enacted in 1989 do not apply. ORS 105.620.

■ Defendants' failure to announce their intentions to acquire the easement by adverse possession is not fatal to their claim. Notice of the adverse possession may be actual or constructive. *Corson v. Williford, supra,* 44 Or App at 149. Construction of a fence, in fact, is recognized as a "classic" example of the type of use that satisfies the requirement of open and notorious use. *Doan v. Bogart,* 254 Or 42, 43, 456 P2d 1001 (1969). Moreover, the testimony of prior owners removes any doubt that they were aware of the fence and the vegetation and the extent to which both blocked the easement. The owner of the western parcel for the 16 years between 1973 and 1989, for example, testified that he was aware of the shrubbery and other vegetation growing in the easement in the 1970's. He further testified that he had intended to confront defendants concerning their obstruction of the easement. Defendants' possession was open and notorious.

■ To establish that their possession was "exclusive," defendants must show that their possession was of the kind that would characterize an owner's use. *Nelson v. Vandemarr,* 281 Or 65, 74, 573 P2d 1232 (1978). Plaintiffs argue that defendants cannot establish that element because there is no evidence as to when the planting of the shrubs and other vegetation "completely obstructed that portion of the easement so as to make it impassable." Plaintiffs misunderstand the nature of the element of exclusivity. Actual physical exclusion of all other users is not required. *Schoeller v. Kulawiak, supra,* 118 Or App at 528. What is required is use consistent with ownership. *Nelson v. Vandemarr, supra,* 281 Or at 74. The construction of the fence and the planting of vegetation directly in the easement is use consistent with ownership. Defendants have established the exclusivity of their possession.

■ Defendants also must establish that they possessed the easement continuously for a period of not less than 10 years. Defendants argue that they adversely possessed the easement continuously for 33 years, beginning with the construction of the fence directly blocking the easement to the river. At the very latest, they argue, their continuous possession of the easement runs from the 1970's, when they planted shrubs, trees and other vegetation directly in the easement.

Plaintiffs argue that the construction of the fence cannot be used to begin the period of possession, because defendants took two sabbaticals, in 1964-65 and again in 1972-73. Those sabbaticals, plaintiffs argue, constitute breaks in the 10-year period. As to the vegetation, plaintiffs argue that defendants failed to establish precisely when the photinia hedge was planted, as well as when it grew to a size sufficient to make the easement impassable. According to plaintiffs, that hedge was not planted until 1985 or 1986, and it did not grow to its current, impassable condition until recently.

Plaintiffs' arguments are unavailing. First, whether or not defendants took sabbaticals is of no consequence to the continuity of their possession of the easement following the construction of the fence and the planting of the vegetation. It is the continuous presence of the fence and the vegetation, not defendants' place of residence, that establishes their adverse possession of the easement. The evidence is unrebutted that the fence was constructed in 1959, that it was placed directly across the easement and that it has remained there continuously until the time of trial. The evidence is likewise unrebutted that, beginning in the 1970's, defendants began planting shrubs, hedges and other vegetation in the easement, which were continuously maintained until the time of trial. That evidence satisfies the element of continuity. Second, because defendants established continuous possession of the easement beginning in 1959, it is immaterial when the photinia hedge was planted. In any event, as has been explained, plaintiffs' argument that the photinia hedge was not large enough to block the easement until recently is predicated on an incorrect understanding of the law. It is not required that the easement have been rendered impassable continuously for ten years, only that defendants possessed the land in an actual, open, notorious, exclusive and hostile manner for that period of time.

■ To establish the element of "hostility," defendants must show that they possessed the easement intending to be its owner and not in subordination to the true owner. *Knapp v. Daily*, 96 Or App 327, 330, 772 P2d 1363 (1989). Defendants argue that, beginning with their decision to construct a fence directly in the path of the easement, they have intended to adversely possess the easement. There is no evidence that

their construction of the fence or the planting of vegetation in the easement was permissive. To the contrary, one of the prior owners testified that he had intended to confront defendants about their obstruction of the easement. Defendants have established that their possession of the easement was hostile.

 Finally, defendants must establish that their use of the easement was inconsistent with plaintiffs' use of the easement. Defendants contend that the construction of a fence across the easement and the planting of vegetation in it is plainly inconsistent with plaintiffs' use. Plaintiffs argue that, because there is evidence that "the easement owners continuously used the easement" for the entire 33 years that defendants say they adversely possessed it, defendants cannot successfully argue that their use of the easement was inconsistent with plaintiffs'. Defendants have the better of the argument. The construction of a fence or locked gate across an easement establishes the inconsistency of an adverse possessor's use. *Abbott v. Thompson, supra*, 56 Or App at 317. Moreover, plaintiffs' argument cannot be squared with the record. There simply is no evidence to support the assertion that plaintiffs and the prior owners continuously used the easement. There is hardly any evidence that they used the easement at all. Defendants have established the inconsistency of their use.

We conclude that defendants have shown, by clear and convincing evidence, that they adversely possessed the easement from the point that the fence blocks the easement to the river.

 Plaintiffs argue in the alternative that, if defendants adversely possessed the easement, we should find that plaintiffs nevertheless have acquired a new easement to the river by prescription. Plaintiffs do not describe the nature or precise location of the new easement beyond the general assertion that it veers south from the original easement around the point where the fence blocks access to the original easement, and continues just south of the fence to the river. To establish such an easement by prescription, plaintiffs must prove, by clear and convincing evidence, that their use of the new pathway to the river was actual, open, notorious,

exclusive, continuous and hostile for no less than 10 years. *Schoeller v. Kulawiak, supra,* 118 Or App at 528.

The prior owners' testimony establishes that each of them occasionally attempted to find access to the river from their property. However, their testimony is simply too vague and indefinite to establish any of the elements of a prescriptive easement claim by clear and convincing evidence. The owner of the western parcel from 1959 to 1968 testified that he walked to the river two to three times a year, but along a route to the *north* of the fence, not to the south of the fence, where plaintiffs assert the existence of the new easement. The owner of the parcel from 1968 to 1970 said that he attempted to walk to the river only once, and he could not remember the route. The owner from 1970 to 1973 said that he also made one attempt, but he could not remember the route either. The owner from 1973 to 1989 testified that he and his grandchildren made several trips to the river each year, but he, too, could not describe precisely how he got there. That evidence is insufficient to establish plaintiffs' prescriptive easement claim.

Reversed and remanded for entry of judgment quieting title in defendants.