Argued and submitted April 7, reversed and remanded on appeal; affirmed on cross-appeal November 8, 1995

George COTSIFAS,
*Appellant - Cross-Respondent,*

*v.*

Russell F. CONRAD,
*Respondent - Cross-Appellant,*

*and*

Theodore F. CALOURI
and Sherrie Calouri, his wife,
*Defendants.*

(9302-01112; CA A84668)

905 P2d 851

George E. Birnie argued the cause and filed the briefs for appellant - cross-respondent.

David H. DeBlasio argued the cause and filed the brief for respondent - cross-appellant.

Before Warren, Presiding Judge, and Landau and Armstrong, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff appeals and defendant[1] cross-appeals from a judgment declaring that plaintiff may not use an easement across defendant's property for access by motor vehicle. Plaintiff argues that his express easement provides him unrestricted reasonable use of the easement. Defendant argues that the trial court should have extinguished the easement entirely. On *de novo* review, ORS 19.125(3), we reverse on the appeal and affirm on the cross-appeal.

Plaintiff owns a parcel of land located approximately 300 feet to the north of SW Hamilton Street, which runs east and west. Defendant owns a parcel of land between plaintiff's lot and SW Hamilton. In 1950, the prior owners of both parcels expressly reserved an easement running from what is now plaintiff's parcel to SW Hamilton, across the eastern 10 feet of what is now defendant's property:

> "The Grantors reserve unto themselves, their heirs, assigns and executors, an Easement for ingress and egress to the property adjoining the north side of the property herein conveyed, across the most Easterly 10.0 feet of even width of the said property herein conveyed."

That easement paralleled SW 40th Avenue, which at the time was a gravel road running from what is now plaintiff's lot to SW Hamilton.

Plaintiff acquired his parcel in 1952. From that time, he has continued to use the easement for access to and from his home, principally by motor vehicle. He has graveled the easement, maintained it and cleared brush from it to enable his continued use of it. Defendant acquired his parcel in 1971. In 1979, the City of Portland paved SW 40th. In recent years, defendant objected to plaintiff's continued use of the easement. Defendant parked his car in the easement, planted flowers and other vegetation in it and constructed a mailbox in it.

Plaintiff initiated this action to enjoin defendant from interfering with his continued use of his easement.

---

[1] Defendants Theodore F. and Sherrie Calouri are not parties to this appeal; therefore, when we refer to defendant, we mean only Russell F. Conrad.

Defendant counterclaimed for a declaration that the easement no longer is necessary and, therefore, no longer exists. The trial court concluded that, because the easement was created by express grant, a lack of necessity could not warrant extinguishment of the right. Nevertheless, it concluded that, because SW 40th Avenue now is paved, it is no longer reasonable to allow vehicular use of the easement.

On appeal, plaintiff argues that the trial court erred in effectively extinguishing his express easement. He argues that, where an easement is created by express grant, as opposed to prescription, the law permits unlimited reasonable use. On cross-appeal, defendant argues that the trial court erred in failing to extinguish the easement altogether. According to defendant, the only purpose of the easement was to provide access to SW Hamilton, and since the paving of SW 40th, the easement is no longer necessary.

We first address defendant's argument that the easement should be extinguished entirely, because it is no longer necessary. An express easement may be extinguished only by consent, *Tusi v. Jacobsen*, 134 Or 505, 511, 293 P 587 (1930); prescription, *Slak v. Porter*, 128 Or App 274, 875 P2d 515 (1994); abandonment, *Powers et ux. v. Coos Bay Lumber Co.*, 200 Or 329, 397-98, 263 P2d 913 (1954); or merger, *Witt v. Reavis*, 284 Or 503, 509, 587 P2d 1005 (1978). Only an easement by necessity terminates when the necessity ceases. *Rose et ux. v. Denn et ux.*, 188 Or 1, 30, 212 P2d 1077 (1950).

In this case, defendant does not argue that plaintiff has consented to the extinguishment of his easement or that it ends by reason of prescription, abandonment or merger. Defendant's sole argument is that the purpose of the easement was to provide access to SW Hamilton, and, that purpose having been served by the paving of SW 40th, the easement is no longer necessary. According to defendant, "[t]he initial reservation of the easement was * * * identical in purpose to a way of necessity," and should be extinguished as would be an easement by necessity under the same circumstances.

We rejected the same argument under similar facts in *Abbott v. Thompson*, 56 Or App 311, 641 P2d 652, *rev den* 293 Or 103 (1982). In that case, a deed granted the plaintiffs

"an easement of ingress and egress" over the defendants' property. When the plaintiffs began using another easement over the property of a different landowner, the defendants attempted to prevent the plaintiffs from using the easement over the defendants' land, arguing that the plaintiffs' easement was intended to be a way of necessity, which was extinguished when they obtained another way of ingress and egress. We held that, because the language of the grant did not limit the easement to a way of necessity, the existence of an alternative means of ingress and egress did not terminate the easement. *Id.* at 315.

Defendant argues that *Abbott* is distinguishable, because, in this case, the easement was intended to be the sole means of access to and from plaintiff's property. The relevant language of the deeds in this case and in *Abbott*, however, is virtually identical, and defendant offers neither record citation nor explanation as to why that language should be construed differently in this case. Moreover, it is uncontested that, from the creation of the easement in this case in 1950, the easement was not the sole means of ingress and egress. Plaintiff and his predecessors always have been able to reach SW Hamilton by way of SW 40th. We conclude, therefore, that the easement was not terminated upon the paving of SW 40th.

■■ We turn to plaintiff's argument that the trial court incorrectly limited the scope of the easement. The general rule is that, absent terms to the contrary, the scope of easements created by express grant is "unlimited reasonable use." *Long v. Sendelbach*, 56 Or App 158, 162, 641 P2d 1136 (1982). Plaintiff argues that, because there are no terms to the contrary, he is entitled to unlimited reasonable use of the easement in this case, and that includes access by motor vehicle. Defendant agrees that the only limitation on plaintiff's use of the easement is that it be reasonable, but he argues that allowing vehicular traffic on the easement is no longer reasonable. Defendant complains that such use is an "annoyance" to him, is hazardous, and is in violation of a city ordinance prohibiting the construction of driveways within 25 feet of an intersection.

At the outset, we note that, from the inception of the easement, plaintiff and his predecessors have used the easement for ingress and egress by motor vehicle. Defendant has identified no change of circumstances justifying any constraints on plaintiff's ability to continue to do so. Defendant argues that the paving of SW 40th obviates the need to use the easement for vehicular access. The paving of the street, however, is beside the point. The street has existed from the creation of the easement and always has been available to plaintiff for vehicular access; paving it made it no more or less so.

■ Defendant's other arguments are equally unavailing. His annoyance at plaintiff's continued use of the easement is not a ground for modifying its scope. *See Landauer v. Steelman*, 275 Or 135, 141, 549 P2d 1256 (1976) (substantial interference with use of easement involves more than slight inconvenience or petty annoyance). There is no evidence in the record of any danger to anyone posed by plaintiff's use of the easement in the same manner that it has been used for the past 40 years. And there is no basis, on this record, for concluding that plaintiff's continued use of his easement constitutes a violation of the city ordinance prohibiting the construction of driveways within 25 feet of an intersection corner.[2] Indeed, defendant did not even argue the point below. We conclude, therefore, that the trial court erred in limiting the scope of plaintiff's express easement of ingress and egress to pedestrian and bicycle traffic and in failing to enjoin defendant from parking vehicles, placing other obstructions in the easement or otherwise interfering with

---

[2] Portland City Code § 17.28.110 provides:

"Upon appropriate application and payment of fees, as provided in Chapter 17.24, the City Engineer may issue a permit to construct a driveway in the street area subject to the following conditions:

"A. All driveways shall be constructed according to plans, specifications, and any special conditions fixed by the City Engineer.

"B. Location. No portion of a driveway, excluding ramps if required, shall be located closer than 25 feet from the corner of a lot where two streets intersect."

There is nothing in the record concerning an application for construction of a driveway, or a permit to construct a driveway or even that the easement constitutes a "driveway" within the meaning of the City Code. There is likewise no explanation as to why the ordinance, which applies only to land within 25 feet from the corner, would invalidate the entire 98-foot easement over defendant's land.

plaintiff's continued use of it by foot, by bicycle or by motor vehicle.

On appeal, reversed and remanded for entry of judgment not inconsistent with this opinion; affirmed on cross-appeal.