Argued and submitted December 18, 2012, affirmed January 30, 2013

Daniel G. UHL
and Janie J. Uhl,
husband and wife,
*Plaintiffs-Respondents*,

*v.*

Stanley W. KRUPSKY
and Julie K. Krupsky,
husband and wife,
*Defendants-Appellants.*

Columbia County Circuit Court
102190; A150512

294 P3d 559

Mark A. Gordon argued the cause and filed the briefs for appellants.

Paul J. C. Southwick argued the cause for respondents. With him on the brief were Timothy R. Volpert and Davis Wright Tremaine LLP.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

BREWER, J. pro tempore.

## BREWER, J. pro tempore

The issue in this case is whether the requirements of ORS 105.620—in particular, the requirement of ORS 105.620(1)(b) that a party claiming adverse possession of real property must have an "honest belief" that the claimant is the true owner—apply to a claim by an owner of fee simple title for the extinguishment of an easement. Because the trial court correctly concluded that ORS 105.620 does not apply to such claims, we affirm.

The pertinent facts are not in dispute. Plaintiffs are the owners of fee simple title to real property that they purchased in 1995. When they acquired title to it, plaintiffs' property was encumbered by a recorded 60-foot-wide driveway and utility easement appurtenant to an adjoining five-acre parcel of real property. The adjoining parcel is landlocked, having been created out of plaintiffs' original road frontage parcel by the properties' former common owner. In 1999, defendants purchased the adjoining five-acre parcel. Defendants' driveway is located on the easement over plaintiffs' property. A fence on plaintiffs' property bisects the easement, separating approximately two-thirds of the width of the easement from defendants' driveway. The fence predates the parties' ownership of their respective parcels of land.

Plaintiffs were aware of the existence and location of the easement when they purchased their property in 1995. However, from 1995 until at least 2009, plaintiffs treated the disputed easement area—that is, the portion of the easement not used as defendants' driveway—as part of their property by maintaining the area, planting shrubs, and installing irrigation. Plaintiffs also installed a black, steel, remote-controlled gate across their own driveway opening. The gate is located in the easement and has the effect of creating a complete barrier between the portion of the easement used as defendants' driveway and the remainder of the easement.

After a dispute arose between the parties concerning whether defendants' easement extended to the portion on "plaintiffs' side" of the fence, plaintiffs filed this action seeking quiet title and a declaration that defendants' easement

rights in the disputed property had been extinguished by adverse possession. Based on the facts that it found, the trial court concluded that plaintiffs had established by clear and convincing evidence each of the elements of a common-law claim for adverse possession of the disputed portion of the easement. That ultimate conclusion was premised on the court's foundational conclusion that ORS 105.620, which applies to claims for adverse possession of fee simple title to real property that vested after January 1, 1990, does not apply to claims by an owner of fee simple title to real property for the extinguishment of an easement burdening the property.

Defendants appeal from the ensuing judgment for plaintiffs. On appeal, defendants reprise their argument before the trial court that ORS 105.620 applies to all adverse possession claims vesting after January 1, 1990, including claims by fee simple owners for the extinguishment of easements.

At common law, to establish ownership by adverse possession, claimants had to prove by clear and convincing evidence that they, or they and their predecessors in interest, maintained actual, open, notorious, exclusive, hostile, and continuous possession of the property for a 10-year period. *Lieberfreund v. Gregory*, 206 Or App 484, 490, 136 P3d 1207 (2006). In 1989, the legislature enacted ORS 105.620, codifying the common law and adding a requirement that a party seeking to acquire fee simple title to real property by adverse possession must have had an "honest belief of actual ownership" when he or she first entered into possession of the property. *Id.* ORS 105.620 provides:

"(1) A person may acquire fee simple title to real property by adverse possession only if:

"(a) The person and the predecessors in interest of the person have maintained actual, open, notorious, exclusive, hostile and continuous possession of the property for a period of 10 years;

"(b) At the time the person claiming by adverse possession or the person's predecessors in interest, first entered into possession of the property, the person entering into possession had the honest belief that the person was the actual owner of the property and that belief:

"(A) By the person and the person's predecessor in interest, continued throughout the vesting period;

"(B) Had an objective basis; and

"(C) Was reasonable under the particular circumstances; and

"(c) The person proves each of the elements set out in this section by clear and convincing evidence.

"(2)(a) A person maintains 'hostile possession' of property if the possession is under claim of right or with color of title. 'Color of title' means the adverse possessor claims under a written conveyance of the property or by operation of law from one claiming under a written conveyance.

"(b) Absent additional supporting facts, the grazing of livestock is insufficient to satisfy the requirements of subsection (1)(a) of this section.

"(3) As used in this section and ORS 105.005 and 105.615, 'person' includes, but is not limited to, the state and its political subdivisions as created by statute."[1]

The statutory requirements apply to claims that are filed and interests that vest after January 1, 1990. Or Laws 1991, ch 109, § 3. In this case, it is undisputed that plaintiffs' adverse possession claim vested, if at all, after January 1, 1990. The parties also agree, for present purposes, that the dispositive issue on appeal is whether the statute applies to plaintiffs' claim. If it does, plaintiffs failed to satisfy the honest belief requirement of subsection (1)(b), in that they knew of defendants' predecessors' easement interest when they first entered possession of their property in 1995. If, on the other hand, the statute does not apply, the trial court properly concluded on the facts found that plaintiffs satisfied the common-law hostility requirement.[2]

---

[1] The statute has been amended twice, first in 1991, Or Laws 1991, ch 109, § 2, and again in 1999, Or Laws 1999, ch 950, § 1. Because neither of those amendments related to the issue at hand on appeal, we set out the current version of the statute, which, for present purposes, is identical to the original version that was enacted in 1989.

[2] To establish the requisite hostility at common law, a claimant must demonstrate a subjective intent to "possess the property intending to be its owner and not in subordination to the true owner." *Hoffman v. Freeman Land and Timber, LLC.*, 329 Or 554, 561, 994 P2d 106 (1999). "If an adverse possession claimant

Generally, in interpreting a statute, we examine the statutory text in context and in light of any pertinent legislative history offered by the parties. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). In this case, the statutory text, in context, is dispositive.[3] The pivotal portion of ORS 105.620 is found in the first sentence, which reads, "A person may acquire fee simple title to real property by adverse possession only if * * *." The first significant term in that clause is "acquire." Acquire means "to come into possession, control, or power of disposal of often by some uncertain or unspecified means." *Webster's Third New Int'l Dictionary* 18 (unabridged ed 2002). The second significant term is "fee simple title." "Fee simple" title means "(a)n interest in land that, being the broadest property interest allowed by law, endures until the current holder dies without heirs." *Black's Law Dictionary* 648-49 (8th ed 2004). Fee simple title is an "estate" in real property, which means, among other requirements, that it "is or may become possessory." *Restatement (First) of Property* § 9, 23 (1936). "The word 'possessory' as here used has a considerable exclusionary effect. Such interests as easements * * * are not interests which may become possessory." *Id.* at § 9 comment b; *see also Kesterson v. California-Oregon Power Co.*, 114 Or 22, 25, 228 P 1092 (1924) ("[I]n treatment of the subject in hand, the right of

---

establishes an intent to appropriate land to him or herself, to the exclusion of all others, then the claimant is said to possess that land under "claim of right" or "claim of ownership." In *Nedry v. Morgan*, 284 Or 65, 71, 584 P2d 1381 (1978), the court explained:

"'[C]laim of right' simply means that the possession is not permissive and that the party in possession has not led the true owner to believe that the possessor recognizes the true owner's rights. When it appears that the possessor is aware of the possibility that another party had an interest in the property, the court must examine the evidence to determine whether or not the possessor nevertheless intended to claim the entire property as his own."

(Citations omitted.)

[3] Both parties have submitted selected legislative history of the original enactment of ORS 105.620, as well as legislative history pertaining to the 1999 amendment of the statute. Suffice it to say, there is nothing authoritative as respects the issue at hand in any of the material that the parties proffered. Rather than dwell on the tangential cross-currents in the parties' submissions, we focus on the plain text of the statute in its context.

the defendant * * * will be considered as an easement and not as an estate in fee simple.").

In conjunction, those significant terms limit the statute's reach to adverse possession claims involving the acquisition of possession, control, and the power of disposal of the broadest property interest allowed by law, which does not include an easement. Here, plaintiffs did not seek to acquire fee simple title to the disputed property because they already owned that broad property interest. They also did not ask the trial court to grant them an easement interest in the disputed property. Rather, they sought to quiet title by the extinguishment of defendants' easement. Although plaintiffs' fee simple title was burdened by defendants' easement, extinguishing the easement merely removed that burden; it did not alter the status of plaintiffs' fee simple ownership of their property.

Furthermore, ORS 105.620(1)(b) supports an interpretation that limits its application to the acquisition of fee simple title. As noted, that section states:

> "At the time the person claiming by adverse possession or the person's predecessors in interest, first entered into possession of the property, *the person entering into possession* had the honest belief that the person was *the actual owner of the property*."

(Emphasis added.) Possession means "the fact of having or holding property in one's power; the exercise of dominion over property." *Black's* at 1201. Here, plaintiffs have had possession of the property since they purchased it. In contrast, as easement holders, defendants held a nonpossessory interest in the property. ORS 105.170(1) defines an easement as

> "a *nonpossessory interest* in the land of another which entitles the holders of an interest in the easement to a private right of way, embodying the right to pass across another's land."

(Emphasis added.) The use of the phrase "actual owner" in ORS 105.620(1)(b) also is significant in that plaintiffs are the undisputed fee simple owners of the property at issue. Again, defendants' easement burdened that ownership, but defendants did not actually own the property. For that

reason, the trial court properly concluded that "the 'honest belief that the person was the actual owner of the property' language simply does not make sense in the context of an easement where the servient property owner already has fee simple title to the property." Stated differently, the statutory text presumes that the would-be adverse possessor is not the actual owner of the property but, rather, was "honestly mistaken" in believing that he or she was the owner. *Stiles v. Godsey*, 233 Or App 119, 127-28, 225 P3d 81 (2009). Thus, logically, the statute does not contemplate the circumstance where, as here, the would-be adverse possessor is in fact the actual owner of the property.

Defendants essentially ask us to read the phrase, "had the honest belief that the person was the actual owner of the property," as "had the honest belief that the person was the actual owner of the easement." However, the term "the property" in subsection (1)(b) must be read in the context of the rest of the statute. The preface to the statute describes the kind of property to which it applies, that is, "fee simple title to real property." That meaning is transcendent. *PGE*, 317 Or at 611 ("[u]se of the same term throughout a statute indicates that the term has the same meaning throughout the statute[.]").

To support their contrary assertion, defendants rely on footnotes found in three appellate decisions involving the extinguishment of easements by adverse possession. In each case, the court determined that the claim arose outside of the temporal reach of the statute, which, as noted, only applies to adverse possession claims that vested after 1989. In *Faulconer v. Williams*, 327 Or 381, 964 P2d 246 (1998), the court analyzed whether an express easement over the plaintiffs' property was extinguished through adverse possession. The court explained that, for such an extinguishment to occur, each element of adverse possession must be proved by clear and convincing evidence. In a footnote, the court noted:

> "ORS 105.620, adopted by the legislature in 1989, imposes a similar requirement. That statute also contains other requirements for the successful maintenance of a claim for adverse possession, but it applies only to claims for

title in which the interest vested after 1989. Here, plaintiffs claim and the Court of Appeals held that plaintiffs' interest vested before 1989."

*Faulconer*, 327 Or at 388 n 4.

*Stonier v. Kronenberger*, 230 Or App 11, 214 P3d 41 (2009), also involved the extinguishment of an easement by the servient property owner. We held that the claimant was required to prove the elements of a common-law adverse possession claim "and that the use was inconsistent with the use of the easement by the owners of the dominant estate." *Id.* at 18. In a footnote, we observed:

"ORS 105.620(1)(b) also requires proof that the claimant have an 'honest belief' that the claimant is the true owner, but that statute applies only to claims in which the period of adverse possession necessary to establish prescription extends beyond January 1, 1990. Or Laws 1989, ch 1069, § 4. In this case, plaintiffs contend that the period of prescription was completed in 1989 and that, as a result, the statute does not apply."

*Id.* at 18 n 5. Again, that passage did not engage in any statutory interpretation of ORS 105.620 that is pertinent to the issue at hand; it merely took the first principled "door out" by noting that the statute does not apply to adverse possession claims where vesting was completed before 1990.

Finally, in *Slak v. Porter*, 128 Or App 274, 875 P2d 515 (1994), we held that the claimants were required to "show that their use or occupancy was inconsistent with plaintiffs' use of the easement." *Id.* at 278. In a related footnote, we noted that "[d]efendants contend that their rights in the easement vested, at the latest, by 1989." *Id.* at 278 n 1. Therefore, the statutory requirements for adverse possession that were enacted in 1989 do not apply. Again, we did not hold that ORS 105.620 applies to the extinguishment of an easement through adverse possession by the fee simple owner of servient property. Rather, as was the circumstance in *Faulconer* and *Stonier*, we merely affirmed the temporal limits of the statute. In short, none of those three cases involved the issue at hand and, accordingly, they included no pertinent statutory construction analysis of that issue.

Defendants also rely on *Stiles* to support their proposed construction of ORS 105.620. In that case, the plaintiffs sought to acquire fee simple title to disputed property and to extinguish an easement on the property through an action for common-law adverse possession and statutory adverse possession under ORS 105.620. The plaintiffs did not have fee simple title to the real property, nor did they have an easement interest in it. 233 Or App at 122. Because the vesting period for their claims occurred after 1990, we concluded that ORS 105.620, not the common law, governed their claims. *Id.* at 125-26.

In examining the hostility requirement, we concluded that the plaintiffs had a reasonable, though mistaken, belief that they were the actual owners of the disputed property. *Id.* at 130. We then applied the honest belief requirement to all of the plaintiffs' claims, without considering whether their claim for fee simple title should have been analyzed separately from their claim for extinguishment of easement interests on the same property. Although we had a duty to properly construe the statute irrespective of the parties' arguments as to its meaning, none of the parties' briefs in that case engaged in any separate construction of the statute with respect to the claims involving the extinguishment of the easements, and neither did we. To properly account for the limitations of ORS 105.620, we arguably should have applied the honest belief requirement to the plaintiffs' claim for fee simple title to the disputed property and the common law, not the statute, to the plaintiffs' claim to extinguish the easement interests on that property.

However, *Stiles* is nonetheless distinguishable from this case both on its facts and in its procedural posture. As noted, in that case, in contrast to the circumstances here, the plaintiffs were not the actual owners of the real property at issue when they "entered into possession," making their claim fit more comfortably within the confines of ORS 105.620(1)(b). Second, as noted, *Stiles* involved both adverse possession claims whereby the plaintiff sought to acquire fee simple to the disputed property and, concurrently, to extinguish easement claims. In the absence of any argument

by the parties for separate treatment of such claims, we batched them together and conducted no independent statutory analysis that is pertinent to the issue at hand.

Here, plaintiffs' claim sought only the extinguishment of an easement that burdened their preexisting fee simple title to the real property at issue. Accordingly, we need not disturb our decision in *Stiles* in order to reach the conclusion that the text of the statute, in its context, plainly compels. Because ORS 105.620 does not apply to adverse possession claims whereby the owner of fee simple title to real property seeks to extinguish an easement on that property, the trial court did not err in entering judgment for plaintiffs.

Affirmed.